2001 WY 64

Loren SNYDER, Appellant (Plaintiff),

v.

Ron LOVERCHECK, d/b/a Bear Mountain Land Company, and O.W. Lovercheck and Margaret O. Lovercheck, husband and wife, Appellees (Defendants).

No. 00–261.

Supreme Court of Wyoming.

July 20, 2001.

Micheal K. Shoumaker of Sheridan, WY; and James N. Wolfe of Cheyenne, WY. Argument by Messrs. Shoumaker and Wolfe, Representing Appellant.

Nancy D. Freudenthal of Davis & Cannon, Cheyenne, WY; and John J. Maier of John J. Maier Law Offices, Torrington, WY. Argument by Ms. Freudenthal and Mr. Maier, Representing Appellees.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ., and DAN SPANGLER, D.J. (retired).

HILL, Justice.

[¶ 1] Loren Snyder (Snyder) appeals from the district court's decision to award costs and interest to Ron Lovercheck, d/b/a Bear Mountain Land Company, and O.W. and Margaret O. Lovercheck [1] (collectively "Defendants") on remand from our decision in *Snyder v. Lovercheck*, 992 P.2d 1079 (Wyo. 1999). Snyder also raises specific complaints regarding the particular costs awarded by the district court.

[¶ 2] We affirm in part and reverse in part.

[¶ 3] Snyder presents a single issue for our consideration:

Was the Award of Costs and Interest to the Defendants an Abuse of District Judge's Discretion?

The Defendants did not provide a separate statement of the issue.

## BACKGROUND

[¶ 4] A detailed recitation of the factual background to this action can be found in *Snyder v. Lovercheck*, 992 P.2d 1079 (Wyo. 1999) (hereinafter *Snyder I*). Snyder filed suit against the Defendants alleging breach of contract and negligent and fraudulent misrepresentation in a real estate transaction. The district court granted summary judgment in favor of the Defendants. The contract between the parties contained a clause providing for attorney's fees and costs against a defaulting or breaching party.[2] The district court awarded attorney's fees and costs to O.W. and Margaret Lovercheck

1. O.W. Lovercheck died while this appeal was pending.

2. The contract for sale of the property was between Snyder and O.W. and Margaret Lover-check. Ron Lovercheck was a real estate broker who facilitated the transaction, but he was not a party to the contract.

and costs to Ron Lovercheck. Snyder appealed the summary judgment and the award of attorney's fees and costs to this Court. In *Snyder I*, we affirmed the summary judgment on Snyder's causes of actions but reversed the decision to award the Defendants' attorney's fees and costs. We made the following conclusion in regard to the award of attorney's fees:

> Here, the district court made no finding that Snyder breached the contract. While we have said that in the absence of special findings of fact, a district court judgment carries with it every finding of fact which is supported by the evidence, *Bishop v. Bishop*, 944 P.2d 425, 428 (Wyo.1997) (*quoting Deroche v. R.L. Manning Co.*, 737 P.2d 332, 335 (Wyo.1987)), and a judgment will be affirmed on any legal ground appearing in the record, *Bird* [*v. Rozier,*] 948 P.2d [888] at 892 [(Wyo.1997)], there is no evidence in the record on appeal which would support a finding that Snyder did not fulfill his obligation to pay for the farm. Accordingly, we remand to the district court for a determination whether Snyder breached the contract for sale.

992 P.2d at 1091. Our conclusion on the award of costs was similar:

> Parties to an agreement are free to bargain for payment of costs, just as they can bargain for payment of attorney's fees. The parties' agreement to an allocation of costs is not subject to the provisions of U.R.D.C. 501.
>
> The contract provided for the payment of "all * * * other expenses * * *." The district court awarded all of the expenses claimed by the Loverchecks in accordance with the agreement, and no argument has been made to this Court that these expenses were unreasonable. The costs, like the award of attorney's fees, however, cannot be awarded absent breach or default by Snyder, and, therefore, we remand this issue to the district court as well.

992 P.2d at 1091–92. (Footnote omitted.)

[¶ 5] On remand, Snyder filed a motion for summary judgment on the issue of costs and attorney's fees on the grounds that he had not breached the contract. The district court agreed that the contract did not prohibit Snyder from filing a claim for fraud, so there was no breach of the contract that would invoke the attorney's fees and costs clause. The court, however, also held that the *Snyder I* opinion did not preclude an award of costs pursuant to statutory or rule authority if the terms of the contract were inapplicable. The district court awarded the following costs to the Defendants: (1) expert witness costs of $156.25 and $271.25 for travel expenses to Ron Lovercheck pursuant to W.U.R.D.C. 501; (2) deposition expenses under W.U.R.D.C. 501 of $1,315.10 to Ron Lovercheck and $819.90 to O.W. and Margaret Lovercheck; (3) $203.87 in witness fees, service miles and mileage fees to Ron Lovercheck; and (4) interest at 10% per annum pursuant to Wyo. Stat. Ann. § 1–16–102(a) to the Defendants on costs awarded from April 29, 1998, which was the date of the judgment on costs and attorney's fees in *Snyder I*. Snyder has now appealed the award of costs and interest to the Defendants.

## STANDARD OF REVIEW

[¶ 6] An award of costs is reviewed for an abuse of discretion. *Snyder*, 992 P.2d at 1084; *Coulthard v. Cossairt*, 803 P.2d 86, 93 (Wyo.1990).

We recently clarified the definition of abuse of discretion when we said the core of our inquiry must reach "the question of reasonableness of the choice made by the trial court." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Id.* (quoting *Byerly v. Madsen*, 41 Wash.App. 495, 704 P.2d 1236, 1238 (Wash.App.1985)); *Basolo* [*v. Basolo*], 907 P.2d [348] at 353 [(Wyo.1995)]. We must ask ourselves whether the district court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious.

*Cobb v. Cobb*, 2 P.3d 578, 579 (Wyo.2000) (quoting *Thomas v. Thomas*, 983 P.2d 717, 719 (Wyo.1999)).

## DISCUSSION

[¶ 7] Snyder contends that our decision in *Snyder I* specifically held that costs could only be awarded on the basis of the contract. Since the district court concluded that he had not breached the contract, Snyder argues it was error for the court to award costs on any other basis. Snyder has misinterpreted our decision in *Snyder I*. In that appeal, the sole issue before us was whether the Defendants were entitled to an award of attorney's fees and costs under the terms of the contract. The contract provided for an award of attorney's fees and costs in the event either party breached the contract. The district court had issued the award pursuant to the contract terms but had failed to make a specific determination of whether Snyder had breached the contract. We reversed the awards and remanded the matter for the district court to make that determination. Our opinion discusses the awards only in light of the contract between the parties. There is no discussion of an award of costs within the context of other statutory or rule authorities. The reason for that is simple: The only issue before us related to the contract and, hence, there was no need to discuss the propriety of an award under any other authority. This Court decides only those issues that are actually before it. We do not decide issues that are speculative or that are not otherwise properly before us. Over the years, we have adopted mechanisms to ensure that the issues and cases we decide concern real controversies. *Southwestern Public Service Company v. Thunder Basin Coal Company*, 978 P.2d 1138, 1144 (Wyo. 1999) (ripeness and standing); *Reno Livestock Corporation v. Sun Oil Company (Delaware)*, 638 P.2d 147, 154 (Wyo.1981) (mootness and future questions). The language we used in *Snyder I* was, unfortunately, perhaps not as definite as it should have been. However, the opinion is clear that we did not consider any issues beyond those raised by the parties at that time. Accordingly, our opinion did not preclude the district court from considering the propriety of awarding costs on grounds other than the contract.

[¶ 8] In a related argument, Snyder contends that our opinion at least held that W.U.R.D.C. 501 did not apply. He points to our statement in the opinion that said: "The parties' agreement to an allocation of costs is not subject to the provisions of U.R.D.C. 501." *Snyder*, 992 P.2d at 1091. Our reference in *Snyder I* to W.U.R.D.C. 501 was solely in the context of noting that the contract provision was not qualified in any way by that rule. We did not state that recovery was unavailable pursuant to Rule 501 because, as noted above, that issue simply was not before us.

[¶ 9] Next, Snyder argues that we vacated the award of costs to Ron Lovercheck without providing for further proceedings on remand. Snyder notes that our remand was based upon the failure of the district court to make a determination that the contract was breached. He points out that the original award to Ron Lovercheck could not have been based on the contract since he was never a party to it. Therefore, Snyder concludes that we must have vacated his award without providing for any further proceedings on remand.

[¶ 10] In *Snyder I*, we designated the Defendants as "Ron" for Ron Lovercheck and "the Loverchecks" for O.W. and Margaret. 992 P.2d at 1082. In our discussion remanding the district court's award of costs, we refer only to "the Loverchecks." *Id.* at 1091–92. The district court treated our remand as reversal on the award of costs to both Ron Lovercheck and O.W. and Margaret Lovercheck. Initially, the district court had awarded Ron Lovercheck $8,746.12 in costs. On remand, that amount was reduced to $1,946.47. Ron Lovercheck has not cross-appealed the district court's revision of the amount of costs to which he is entitled. Therefore, any error by the district court in considering the cost award to Ron Lovercheck inures to Snyder's benefit.

[¶ 11] Snyder also contends that none of the Defendants were a "prevailing party" under Wyo. Stat. Ann. § 1–14–125 (Lexis-Nexis 2001) [3] and thus they were not eligible

3. § 1–14–125 states:

**§ 1–14–125. When costs not recoverable by plaintiff.**

for an award of costs. Snyder fails to explain how a statute that speaks to a *plaintiff's* ability to recover costs applies to these *Defendants.* The Defendants successfully defended against Snyder's suit for fraud in a real estate transaction. Snyder has failed to provide any cogent argument as to why the Defendants are not the "prevailing party," and we will not consider his claim any further.

[¶ 12] Snyder makes two attacks on the specific costs awarded to Ron Lovercheck under W.U.R.D.C. 501. First, Snyder complains that the district court erred in finding that Ron Lovercheck's request for expert fees and airfare was in compliance with Rule 501(a)(1)[4]. In particular, Snyder points to the district judge's decision letter:

1. *Expert Witness Fees.* Ron Lovercheck seeks $6,271.25 for expert witness preparation and travel. Snyder first complains that the original certificate of costs for this witness did not include the specific items listed in W.U.R.D.C. 501(a)(1). The Court finds those items to be inconsequential in the context of this case. Snyder had ample opportunity to understand the nature of this claim both prior to the Court's hearing on costs before appeal and prior to the hearing after remand.

Snyder argues that Ron Lovercheck's failure to comply with the rule was not "inconsequential," and the district court's ruling that Snyder had ample opportunity to understand the nature of the claim effectively switched the burden from Ron Lovercheck to establish

a cost to Snyder to disprove the validity of the cost.

[¶ 13] Our review of Snyder's claim is inhibited somewhat by his failure to clearly enunciate exactly how Ron Lovercheck failed to comply with the rule. Snyder simply states that he did. A review of Ron Lovercheck's motion for costs, along with his supporting documentation, indicates that the only noncompliance discernable regarding the expert fees and the airfare is a failure to set forth the number of full or half days the expert spent on the matter and the price of an economy airfare. The district court addressed these issues in a portion of his decision letter which Snyder does not cite in his brief:

W.U.R.D.C. 501(a)(3)(ii) limits expert witness compensation to $25.00 per day except for the time a witness actually testifies. The Court has no discretion to award more for non-testimony work. Although Ron Lovercheck's expert testified in a deposition his billing statements do not specify the time he testified. The Court can determine that this expert witness spent 50 hours in case preparation, but cannot determine how many days were included in that work. Assuming an 8 hour work day, the Court concludes that this expert worked 6.25 days in preparation for this case. Because the nature of this case clearly required an expert witness, Ron Lovercheck is allowed expert witness costs of $156.25 plus $271.25 for travel expense. The Court finds those travel costs appropriate under W.U.R.D.C. 501(a)(4).

---

When the judgment is less than one hundred dollars ($100.00), unless the recovery is reduced below that sum by counterclaim or set-off, each party shall pay his own costs. When the damage assessed is under five dollars ($5.00), the plaintiff shall not recover costs in any action for libel, slander, malicious prosecution, assault, assault and battery, false imprisonment, nuisance or against a justice of the peace for misconduct in office.

4. W.U.R.D.C. 501(a)(1) states:
   (a) *Civil cases.*—
       (1) Filing of Certificate of Costs.—Within 20 days after entry of the final judgment allowing costs to the prevailing party, a certificate of costs shall be filed and copy served upon opposing counsel. The certificate shall be item-

ized. For witness fees, the certificate shall contain:
   (A) The name of the witness;
   (B) Place of residence, or the place where subpoenaed, or the place to which the witness voluntarily traveled without a subpoena to attend;
   (C) The number of full days or half days the witness actually testified in court;
   (D) The number of days or half days the witness traveled to and from the place of trial;
   (E) The exact number of miles traveled;
   (F) The manner of travel, air, railroad, bus or private vehicle; and,
   (G) If common carrier transportation is used, the price of an economy fare.

While it would have been the better practice for Ron Lovercheck to list his expert's work days rather than hours, we fail to perceive any abuse of discretion in the district court's methodology. The use of hours instead of days goes to the computation of the amount of the costs and not to the propriety of the underlying claim. Snyder offers no argument that the $156.25 awarded for the expert is incorrectly calculated. Furthermore, he makes no argument that the airfare was inappropriate under Rule 501(a)(4). If there is a cogent argument to be made that the award of costs for airfare was inappropriate under 501(a)(4), it is not for us to make for Snyder.

[¶ 14] Snyder also challenges the district court's award of costs for discovery depositions taken by Ron Lovercheck and O.W. and Margaret Lovercheck. Costs of discovery depositions are recoverable if they are reasonably necessary for the preparation of the case for trial. *State v. Dieringer*, 708 P.2d 1, 11 (Wyo.1985); Rule 501(a)(3)(D)(i)[5]. Snyder claims that the district court ignored the criteria of the rule because the depositions taken by the Defendants were not read to the jury, used at trial for impeachment, used to refresh a witness' recollection, and "few" were taken at his request.

[¶ 15] Snyder fails to take cognizance of the qualifying phrase that follows the enumeration in 501(a)(3)(D)(i)(I–IV) to the effect that those criteria are guidelines and not exhaustive. The district court specifically found that the depositions were reasonably necessary for the preparation of the Defendants' case for trial. Beyond citing the four

guidelines in Rule 501, Snyder makes no argument that the depositions were not otherwise reasonably necessary. Since Snyder has failed to offer a cogent argument on this issue sufficient to demonstrate an abuse of discretion by the trial court, we affirm the award of costs.

[¶ 16] In his next issue, Snyder argues that the district court abused its discretion in awarding interest on costs from April 29, 1998, pursuant to Wyo. Stat. Ann. § 1–16–102(a)[6] (LexisNexis 2001). Snyder contends that this Court's decision in *Snyder I* had the effect of vacating the original award of costs and, therefore, it would be appropriate to calculate interest from the date the judgment issued awarding costs on remand, which was August 11, 2000.

[¶ 17] The date from which interest runs on a judgment affected by a modification on appeal depends upon the scope of that modification:

In some jurisdictions, if a money award is modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, interest on the award as modified runs as if no appeal had been taken, that is, ordinarily, from the date of the entry of the verdict or judgment. This is the rule not only when, on appeal, the judgment is reduced, but also when it is increased, or when the judgment of the trial court reducing a verdict is reversed and the verdict reinstated.

Other authorities hold that when the appellate court in effect fixes the amount

---

5. W.U.R.D.C. 501(a)(3)(D)(i) states:
   **Rule 501.   Taxation of costs.**
   . . . .
   (D) Costs of depositions.
   (i) Costs of depositions are taxable if reasonably necessary for the preparation of the case for trial. A deposition is deemed reasonably necessary if:
   I. Read to the jury as provided in Rule 32(a)(3), W.R.C.P.;
   II. Used at trial for impeachment concerning a material line of testimony (impeachment on a collateral issue does not fall within the scope of this rule);
   III. Necessarily, and not merely conveniently, used to refresh the recollection of a witness while on the stand; or,

   IV. Was taken at the request of a nonprevailing party.
   The foregoing is meant to provide guidelines and is not exhaustive. The use of depositions for trial preparation alone does not justify the imposition of costs.

6. § 1–16–102(a) states:
   **§ 1–16–102.   Interest on judgments.**
   (a) Except as provided in subsections (b) and (c) of this section, all decrees and judgments for the payment of money shall bear interest at ten percent (10%) per year from the date of rendition until paid.

the judgment creditor is to receive, so that the action of the court amounts to an actual reversal, having the effect of wiping out the original judgment or decree, interest runs from the time when the amount of the new award is fixed, whether that is done directly by the appellate court, or by the trial court's compliance with the appellate mandate. Thus, when the denial of an award is reversed on an appeal, or the case is reversed and remanded for a determination of the question of damages alone, the new award will bear interest from the time the amount of damages are fixed on remand. This rule applies not only when the award is reduced, but also when it is increased.

45 Am.Jur.2d *Interest and Usury* § 82, at 81–82 (1999) (citations omitted); *see also,* L.R. James, Annotation, *Date from which Interest on Judgment Starts Running, as Affected by Modification of Amount of Judgment on Appeal,* 4 A.L.R. 3rd 1221, 1223 (1965); *Muchmore Equipment, Inc. v. Grover,* 334 N.W.2d 605, 610 (Iowa 1983). "If, after appeal, a further determination by the trial court is necessary in order to fix the amount of an award, the award will not draw interest until the determination is made." *Babb v. Rothrock,* 310 S.C. 350, 426 S.E.2d 789 (1993).

[¶ 18] In this case, the district court initially awarded the Defendants costs on April 29, 1998, in the amount of $8,746.12 to Ron Lovercheck and $819.90 to O.W. and Margaret Lovercheck. As already noted, in *Snyder I* we reversed and remanded the matter of the awards to the district court. On remand, the parties filed competing motions along with supporting documentation in favor of or opposed to an award of costs. After a hearing on the motions, the district court awarded costs of $1,946.47 to Ron Lovercheck and $819.90 to O.W. and Margaret Lovercheck. The judgment awarding those costs was entered on August 11, 2000.

[¶ 19] We think the district court erred in allowing interest from the April 29, 1998, judgment. The *Snyder I* opinion reversed that original award and remanded the issue of costs to the district court for further proceedings. Those proceedings included motions, attached supporting documentation, and a hearing before the court. The result was a significantly lower award for Ron Lovercheck. While O.W. and Margaret Lovercheck's award of costs remained the same, the district court authorized the award on different grounds. The award of costs on remand is, in effect, an entirely different judgment bearing little, if any, relation to the original award of costs. Therefore, the district court abused its discretion in applying interest from the date of the first judgment.

## CONCLUSION

[¶ 20] Our decision in *Snyder I* did not preclude the district court from awarding costs to the Defendants on legal grounds other than the contract between the parties. Finding no abuse of discretion by the district court, we affirm the specific awards made to the Defendants pursuant to W.U.R.D.C. 501. However, the district court did abuse its discretion in awarding the Defendants interest from the date of the first judgment awarding costs and attorney's fees. We reverse that portion of the district court's order and remand for entry of a judgment awarding Defendants interest from August 11, 2000, the date of the judgment awarding costs on remand from our decision in *Snyder I.*