# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 166

OCTOBER TERM, A.D. 2014

December 22, 2014

TODD GRAUS and HOLLY GRAUS,
husband and wife, individually, and as
parents of next friends of SG, a minor
child, RG, a minor child, and GG, a minor
child,

Appellants
(Plaintiffs),

v.

S-14-0061

OK INVESTMENTS, INC., a Wyoming
corporation, d/b/a OK RENTALS &
REAL ESTATE, JOSEPH GIOVANINI,
GIOVANINI PROPERTIES, LORI
KYLE, and MARY OBRINGER,

Appellees
(Defendants).

*Appeal from the District Court of Teton County*
*The Honorable Marvin L. Tyler, Judge*

*Representing Appellants:*
Gerard R. Bosch and M. Allison Floyd, Wilson, WY.

*Representing Appellees:*
Katherine L. Mead of Mead & Mead, Jackson, WY.



*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Todd and Holly Graus (Plaintiffs), individually and on behalf of their children, filed a complaint against OK Investments, Inc. and others (Defendants) alleging injury resulting from Plaintiffs' rental of a house containing black mold.  Defendants made a W.R.C.P. 68 offer of settlement, which Plaintiffs did not accept.   Following Plaintiffs' voluntary dismissal of certain claims and the district court's entry of judgment as a matter of law in favor of Defendants on the remaining claims, Defendants filed a certificate of costs through which Defendants sought an award of costs pursuant to W.R.C.P. 68 and W.R.C.P. 54(d).  The district court awarded costs pursuant to both rules, and Plaintiffs appeal, contending that W.R.C.P. 68 did not authorize an award of costs and that the costs awarded exceeded those allowed under U.R.D.C. 501.

[¶2]    We hold that W.R.C.P. 68 did not authorize an award of costs under these circumstances, and we affirm in part and reverse in part the district court's award of costs pursuant to W.R.C.P. 54(d) and U.R.D.C. 501.

## ISSUES

[¶3]    Plaintiffs state the issue on appeal as follows:

> 1.    Did the District Court abuse its discretion in awarding costs for expert fees solely under W.R.C.P. Rule 68?
> 2.    Did the District Court abuse its discretion in awarding costs for expert fees under W.R.C.P. Rule 68 and W.S. § 1-14-102(b)?
> 3.    Did the District Court abuse its discretion in awarding costs under the Uniform Rules of District Court Rule 501 and Wyoming Statutes § 1-14-102 for a witness that did not testify?
> 4.    Did the District Court abuse its discretion in awarding costs for depositions under Rule 68?

## FACTS

[¶4]    In December 2010, Plaintiffs filed an amended complaint against Defendants alleging negligence, breach of contract, violation of the Wyoming Consumer Protection Act, fraud, and negligent misrepresentation.  Plaintiffs' claims stemmed from their rental of a house that contained black mold.  On July 11, 2011, Defendants served on Plaintiffs an Offer of Settlement Pursuant to Rule 68 W.R.C.P., by which Defendants offered to have judgment entered against them in the amount of $25,000.00.  Plaintiffs did not accept the offer.

1

[¶5]   Plaintiffs' claims were tried to a jury on September 23-25 and 27, 2013.  At the close of Plaintiffs' case on September 27, 2013, Plaintiffs moved pursuant to W.R.C.P. 41 to voluntarily dismiss with prejudice their claim under the Wyoming Consumer Protection Act, their fraudulent misrepresentation claim, and their claim for punitive damages.  The district court granted the motion and dismissed the claims with prejudice, subject to the condition that Defendants were the prevailing party on those claims.  Also at the close of Plaintiffs' case, Defendants moved for judgment as a matter of law on Plaintiffs' remaining claims.   On November 22, 2013, the district court granted Defendants' motion.

[¶6]   On December 9, 2013, Defendants filed a certificate of costs by which they requested an order awarding costs of $2,874.56 "pursuant to W.S. § 1-14-102 *et seq.*, Wyoming Rules of Civil Procedure Rule 54(d)(1), Rule 68 and Rule 501 of the Uniform Rules of District Court."  Specifically, Defendants stated, in relevant part:

> 1.      The case was tried to a twelve-person jury from September 23-September 30, 2013.   The court entered a directed verdict order in favor [of] the Defendants on November 19, 2013.
> 2.      On July 11, 2011, Defendants presented Plaintiffs with an offer of settlement pursuant to Rule 68. Plaintiffs did not respond and the offer, pursuant to the terms of Rule 68, was deemed withdrawn.  * * * Defendants are entitled to their costs incurred after July 11, 2011.
> 3.      The attached Certificate of Costs (Exhibit "A") includes costs that are allowable pursuant to Rule 54(d)(1) of the Wyoming Rules of Civil Procedure, W.S. § 1-14-102(b) and Rule 501 of the Uniform Rules of District Court and which were reasonably necessary in the preparation and defense of Defendants' case from the time the Offer of Settlement was deemed denied.

[¶7]   On December 26, 2013, Plaintiffs filed objections to Defendants' certificate of costs.  Plaintiffs asserted that the requested award of costs was not authorized because: 1) Rule 68 does not apply if the opponent of a claim makes an offer of judgment that is not accepted and then the offeror wins the case; and 2) Defendants failed to meet their burden of proving that the costs requested were reasonably necessary for the preparation of the case for trial.

[¶8]   On January 8, 2014, the district court entered an order awarding costs in the amount of $2,607.88.  The court ordered:

The Defendants, * * *, having moved pursuant to W.S. § 1-14-102 *et. seq.*, Wyoming Rules of Civil Procedure Rule 54(d)(1), Rule 68 and Rule 501 of the Uniform Rules of District Court for costs in the above captioned matter in the total amount of $2,607.88, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that costs are so awarded to the Defendants in the amount of $2,607.88.

[¶9]   On February 6, 2014, Plaintiffs filed their Notice of Appeal to this Court.

## STANDARD OF REVIEW

[¶10]  An award of costs is reviewed for an abuse of discretion. *Beckwith v. Weber*, 2012 WY 62, ¶ 32, 277 P.3d 713, 721 (Wyo. 2012) (citing *Wilson v. Tyrrell*, 2011 WY 7, ¶ 58, 246 P.3d 265, 281 (Wyo. 2011); *Meyer v. Hatto*, 2008 WY 153, ¶ 25, 198 P.3d 552, 557 (Wyo. 2008)).  "Abuse of discretion occurs when a court exceeds the bounds of reason or commits an error of law." *Beckwith*, ¶ 54, 277 P.3d at 725 (quoting *Combs v. Sherry-Combs*, 865 P.2d 50, 55 (Wyo. 1993)).  "The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did." *Jones v. Artery*, 2012 WY 63, ¶ 8, 275 P.3d 1244, 1247 (Wyo. 2012) (quoting *Nish v. Schaefer*, 2006 WY 85, ¶ 6, 138 P.3d 1134, 1137 (Wyo. 2006)).

[¶11]  While the award of costs itself is reviewed for an abuse of discretion, the question whether a particular costs provision applies requires construction of a court rule, which is a question of law that we review de novo. *Stewart Title Guar. Co. v. Tilden*, 2008 WY 46, ¶ 7, 181 P.3d 94, 98 (Wyo. 2008); *see also Marx v. General Revenue Corp.*, 668 F.3d 1174, 1178 (10th Cir. 2011) (citations omitted) ("We review an award of costs for an abuse of discretion. Whether costs provisions even apply is a legal question reviewed de novo.").

## DISCUSSION

[¶12]  On appeal, Plaintiffs present essentially two arguments.  First, Plaintiffs argue that the district court committed an error of law in awarding costs pursuant to W.R.C.P. 68 because Rule 68 does not apply when the party making the settlement offer is declared the prevailing party.  Second, Plaintiffs argue that the court abused its discretion in awarding the requested costs because they were not costs authorized by U.R.D.C. 501 or Wyo. Stat. Ann. § 1-14-102(b).  We will separately address each argument.

3

## A. Applicability of W.R.C.P. 68

[¶13] In arguing that W.R.C.P. 68 does not allow an award of costs in this case, Plaintiffs urge this Court to adopt the ruling in *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150 (1981), wherein the United States Supreme Court held that federal Rule 68 is not a basis for an award of costs to a prevailing party. We agree that the *Delta* holding should apply to Wyoming's Rule 68, and we therefore hold that it is W.R.C.P. 54(d), not W.R.C.P. 68, that governs an award of costs to a prevailing party.

[¶14] In determining which rule of civil procedure governs an award of costs in a case where a Rule 68 offer is made, we are concerned with the interplay between Rule 54(d) and Rule 68. "Because of the similarities between federal and Wyoming rules of civil procedure, we look to federal authority interpreting a particular rule as an aid in applying the comparable Wyoming rule." *Bratton v. Blenkinsop* (*In re Guardianship of Bratton*), 2014 WY 87, ¶ 24, 330 P.3d 248, 253, n.6 (Wyo. 2014); *see also Lamar Outdoor Adver. v. Farmers Co-Op Oil Co.*, 2009 WY 112, ¶ 12, 215 P.3d 296, 301 (Wyo. 2009) ("Because the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules."). We therefore begin our consideration with a comparison of Wyoming's Rules 54 and 68 with their federal counterparts.

[¶15] Wyoming's Rule 54(d)(1) specifies that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." W.R.C.P. 54(d)(1) (LexisNexis 2014). Wyoming's Rule 68 reads:

> At any time more than 60 days after service of the complaint and more than 30 days before the trial begins, any party may serve upon the adverse party an offer, denominated as an offer under this rule, to settle a claim for the money or property or to the effect specified in the offer, with costs then accrued. * * * ***If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.*** As used herein, "costs" does not include attorney's fees. * * *

W.R.C.P. 68 (LexisNexis 2014) (emphasis added).

[¶16] The federal counterparts to both rules are similar. F.R.C.P. 54(d)(1) specifies that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." F.R.C.P. 68 reads:

4

**(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. * * *

* * * *

**(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

[¶17]  In *Delta*, the Supreme Court held that a defendant that makes a Rule 68 settlement offer is not entitled to an award of costs if that defendant is the prevailing party, but the defendant would be entitled to an award of costs if the plaintiff prevails but obtains a judgment that is less than the defendant's offer.  *Delta*, 450 U.S. at 352, 101 S.Ct. at 1150.  The federal rule's operation and the Supreme Court's reasoning in *Delta* have been explained as follows:

> Unless the plaintiff accepts a Rule 68 offer within fourteen days, it is deemed rejected and plaintiff will suffer the adverse consequences prescribed by the rule unless it obtains a more favorable judgment. The rule is entirely inapplicable, however, if the defendant, rather than the plaintiff, obtains judgment. In *Delta Air Lines, Inc. v. August*, the Supreme Court held that after defendant won at trial the district court had discretion to deny it costs even though defendant had made a Rule 68 offer before trial that was more favorable in that it did offer plaintiff some relief. Defendant argued that the mandatory terms of Rule 68 should nullify that discretion, but the Court reasoned that the rule's words "judgment … obtained by the offeree" "would not normally be read by a lawyer to describe a judgment in favor of the other party." It further reasoned that defendant's interpretation would not promote the rule's purposes because it would not prompt defendants to make reasonable offers, and that the history of the rule suggested that it was not intended to visit adverse consequences on a plaintiff unless the plaintiff rejected an offer that would be reasonable assuming plaintiff prevailed. Applying Rule 68 to cases in which defendant prevailed would, contrary to the rule's purposes, give defendants an incentive to make "utterly

frivolous" offers of judgment that no reasonable plaintiff would accept. Thus, even though it might be said to be anomalous that a defendant who loses is "better off" regarding recovery of costs than one who prevails, it is established that where defendant prevails Rule 68 has no role to play.

12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3006 (3d ed. 2014) (footnotes omitted).[1]

[¶18] As Wright and Miller suggests, the *Delta* holding may seem counterintuitive because it arguably results in a losing defendant faring better than a prevailing defendant. Indeed, some states have, for this reason, rejected application of the *Delta* holding to their state offer of judgment rules. *See Darragh Poultry & Livestock Equip. Co. v. Piney Creek Sales, Inc.*, 743 S.W.2d 804, 806 (Ark. 1988) (rejecting *Delta* as leading to an absurd result where defendant who loses can recover costs under Rule 68, but one who wins cannot); *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983) (footnote omitted) ("We decline to follow the *Delta Air Lines* reasoning, not only because of the differences between NRCP 68 and FRCP 68, but because such reasoning leads to an anomalous result."). We disagree with this rejection of the *Delta* holding because we find that it fails to recognize the interplay between Rules 54(d) and Rule 68 that motivated the Supreme Court's *Delta* decision.

[¶19] In *Delta*, the Supreme Court held that Rule 54(d), not Rule 68, governs the award of costs to a prevailing party. *Delta*, 450 U.S. at 352, 101 S.Ct. at 1150. The Court held that where a Rule 68 offer has been made to a prevailing party, Rule 68 will operate to limit any Rule 54(d) award of costs if the judgment obtained by the prevailing party is less favorable than an offer made to that party pursuant to Rule 68. *Id*. The Court explained:

> Our interpretation of the Rule is consistent with its purpose. The purpose of Rule 68 is to encourage the

---

[1] As is apparent from the text of the two rules, Wyoming's Rule 68 and the federal Rule 68 differ in who may make an offer under the rule. W.R.C.P. 68 provides that "any party may serve upon the adverse party an offer," whereas, F.R.C.P. 68 specifies that "a party defending against a claim may serve on an opposing party an offer." It has thus been explained that under F.R.C.P. 68 "[o]nly defending parties can make Rule 68 offers of judgment. A plaintiff may not make a Rule 68 offer on the claim he asserts, but could make a Rule 68 offer on a counterclaim." 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* Rule 68 (March 2014). We point out this distinction only to clarify that although federal precedents and commentary may generally refer to a defendant as the party making a Rule 68 offer, our Wyoming rule allows any party to make such an offer. In relying on federal precedent and commentary, we do not intend to limit our holding based on a prevailing party's status as plaintiff or defendant. Rather, the important distinction for our purposes is whether a prevailing party is a Rule 68 offeror or offeree.

settlement of litigation. In all litigation, the adverse consequences of potential defeat provide both parties with an incentive to settle in advance of trial. Rule 68 provides an additional inducement to settle in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain. Because prevailing plaintiffs presumptively will obtain costs under Rule 54(d), Rule 68 imposes a special burden on the plaintiff to whom a formal settlement offer is made. If a plaintiff rejects a Rule 68 settlement offer, he will lose some of the benefits of victory if his recovery is less than the offer. Because costs are usually assessed against the losing party, liability for costs is a normal incident of defeat. Therefore, a nonsettling plaintiff does not run the risk of suffering additional burdens that do not ordinarily attend a defeat, and Rule 68 would provide little, if any, additional incentive if it were applied when the plaintiff loses.

*Delta*, 450 U.S. at 352, 101 S.Ct. at 1150.

[¶20]  Another commentator summarized the interplay between Rules 54(d) and 68:

Cost-shifting is the heart of Rule 68. Under Rule 54(d)(1), winning plaintiffs presumptively get to tax their costs to the losing defendant. Rule 68 reverses that result as to costs the parties incur after the offer. Despite having won the lawsuit, the plaintiff must bear his own post-offer costs and must pay the losing defendant's post-offer costs.

* * * *

* * * Rule 68 only applies if the plaintiff *wins* but wins less than the defendant's offer. It does not apply if the plaintiff loses. This should not be seen as a windfall for the losing plaintiff. A losing plaintiff ordinarily will have to pay *all* of the defendant's costs, whereas a plaintiff subject to Rule 68 can still recover pre-offer costs and only pays the defendant's post-offer costs.

1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* Rule 68 (March 2014).

[¶21]  Defendants suggest that the *Delta* holding should not apply to Wyoming's Rule 68 because the federal rule allows only a party defending a claim to make a Rule 68 offer, whereas W.R.C.P. 68 allows "any party" to make a Rule 68 offer.  We do not see this as a relevant distinction between the rules.  The *Delta* holding did not depend on the status of the prevailing party who made the offer as either plaintiff or defendant, but was instead a result of the Supreme Court's interpretation of F.R.C.P. 68's use of the terms "judgment obtained by the offeree."  The Court explained:

> But inasmuch as the words "judgment . . . obtained by the offeree"—rather than words like "any judgment"—would not normally be read by a lawyer to describe a judgment in favor of the other party, the plain language of Rule 68 confines its effect to the second type of case—one in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer.

*Delta*, 450 U.S. at 351, 101 S.Ct. at 1149-50.

[¶22]  W.R.C.P. 68 requires an offeree to pay costs incurred after the offer "[i]f the judgment finally obtained by the offeree is not more favorable than the offer."  Similarly, F.R.C.P. 68(d) requires the offeree to pay the costs incurred after the offer "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer."  Thus, with respect to the Rule 68 language on which the Supreme Court based its reasoning in *Delta*, W.R.C.P. 68 is nearly identical to the federal rule.

[¶23]  Wyoming's Rules 54(d) and 68 are comparable in all relevant aspects to their federal counterparts.  Consistent with our longstanding approach of looking to federal precedent in interpreting our comparable rules, we conclude that the Supreme Court's holding in *Delta* applies to W.R.C.P. 68.  In so holding, we join other state jurisdictions that have concluded likewise, including the Colorado Court of Appeals, which reasoned:

> The plain meaning is supported by an analysis of the purpose of the rule in conjunction with that of Fed.R.Civ.P. 54(d). Under that rule, costs are generally awarded to the prevailing party and, therefore, are a direct economic reward of winning. The purpose of Fed.R.Civ.P. 68, however, "is to encourage the settlement of litigation." Thus, Fed.R.Civ.P. 68 operates to modify Fed.R.Civ.P. 54(d), insofar as the prevailing plaintiff receives only those costs incurred *before* the settlement offer was made and is thereby punished for rejecting a reasonable offer. There is, furthermore, no reason to extend the rule to apply to prevailing defendants because they would generally recover costs under Fed.R.Civ.P. 54(d).

*Delta Airlines*, *supra*.

> The Supreme Court concluded that the history of the rule confirmed that it was intended to modify Fed.R.Civ.P. 54(d) so as to deny prevailing plaintiffs a portion of the costs they could otherwise expect under Rule 54(d). It was not intended to create an independent means of recovering costs. The Advisory Committee notes state that the defendant's "offer will operate to *save him the costs* from the time of that offer if the plaintiff ultimately obtains a judgment less than the sum offered." Advisory Committee Note of 1946 to Amended Rule 68, *quoted in Moore's Federal Practice* § 68–01 (2d ed. 1988) (emphasis added). The rule was based on the "general principle ... that a party *may be denied costs* when he sues vexatiously after refusing an offer of settlement, and recovers no more then he had been previously offered...." 12 C. Wright & A. Miller, *Federal Practice & Procedure* § 3001 at 56 (1973) (emphasis added).

*Coldwell Banker Commercial Group, Inc. v. Hegge*, 770 P.2d 1297, 1300 (Colo. Ct. App. 1988); *see also Fiddle, Inc. v. Shannon*, 834 So.2d 39, 49 (Miss. 2003); *Baghdady v. Lubin & Meyer, P.C.*, 770 N.E.2d 513, 520 (Mass. App. Ct. 2002); *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481, 509-10 (Del. 2001); *Ex Parte Waterjet Systems, Inc.*, 758 So.2d 505, 508-09 (Ala. 1999); *Black v. Roche Biomedical Lab., a Div. of Hoffman-LaRoche, Inc.*, 433 S.E.2d 21, 23-24 (S.C. Ct. App. 1993); *Jones v. Berezay*, 815 P.2d 1072, 1074 (Idaho 1991); *Crown Properties, Inc. v. Financial Sec. Life Ins. Co., Ltd.*, 712 P.2d 504, 509 n.8 (Haw. App. 1985).

[¶24]  To recap, we hold that Rule 68 is not a basis for an award of costs to a prevailing party.  Instead, Rule 54(d) governs the award of costs to a prevailing party, and Rule 68 applies to limit that award if the judgment obtained by the prevailing party is less favorable than an offer made to that party pursuant to Rule 68.

[¶25]  Because Defendants were the prevailing parties below, Rule 68 does not govern the award of costs in this matter.  Because Defendants also requested costs pursuant to Rule 54(d), and the district court ruled pursuant to both Rules 68 and 54(d), we next turn to the question whether the court abused its discretion in awarding the costs pursuant Rule 54(d), U.R.D.C. 501, and Wyo. Stat. Ann. § 1-14-102.

**B.  <u>Court's Exercise of Discretion in Awarding Costs</u>**

[¶26]  Defendants applied for an award of costs for thirteen separate items, requesting a total award of $2,874.56 in costs.  Plaintiffs object to six items included in Defendants'

application for costs: 1) deposition costs for the deposition of Plaintiffs' expert, Robert Danielson; 2) deposition costs for the depositions of Plaintiffs Todd and Holly Graus; 3) expert fee for the deposition of Plaintiffs' expert, Robert Danielson; 4) expert Fee for Defendants' expert, Zia Yasrobi; 5) subpoena service fee for defense witness, Mark Uptain; and 6) witness fees and mileage fees for defense witness, Mark Uptain. We will address each of these in turn.[2]

## 1.  Deposition Costs for Deposition of Plaintiffs' Expert Robert Danielson

[¶27]  Defendants sought deposition costs in the amount of $552.88 for the deposition of Plaintiffs' expert Robert Danielson. Plaintiffs argue that Defendants failed to carry their burden of showing that these costs were reasonably necessary for the preparation of trial, and the district court therefore abused its discretion in awarding the costs. We conclude that the record is inadequate to allow this Court to find an abuse of discretion.

[¶28]  U.R.D.C. 501 provides as follows concerning the award of deposition costs:

> (D) Costs of depositions.
>
> > (i) Costs of depositions are taxable if reasonably necessary for the preparation of the case for trial. A deposition is deemed reasonably necessary if:
> >
> > > I. Read to the jury as provided in Rule 32(a)(3), W.R.C.P.;
> > >
> > > II. Used at trial for impeachment concerning a material line of testimony (impeachment on a collateral issue does not fall within the scope of this rule);
> > >
> > > III. Necessarily, and not merely conveniently, used to refresh the recollection of a witness while on the stand; or,

---

[2]  Defendants sought an award of costs that totaled $2,874.56, and the district court awarded $2,607.88. In so ruling, the court did not identify which costs it denied or reduced. Because we do not know which costs were disallowed, we will assume for purposes of our review that the costs to which Plaintiffs have objected were awarded and will review the court's exercise of discretion accordingly.

> IV. Was taken at the request of a nonprevailing party.
>
> The foregoing are meant to provide guidelines, and are not exhaustive. The use of depositions for trial preparation alone does not justify the imposition of costs.

U.R.D.C. 501(a)(3)(D).

[¶29] A party seeking an award of deposition costs carries the burden of showing that those costs were reasonably necessary for trial preparation, in that they met one of the guidelines of U.R.D.C. 501(a)(3)(D), or an equivalent rationale. *Garrison v. CC Builders, Inc.*, 2008 WY 34, ¶ 45, 179 P.3d 867, 879 (Wyo. 2008); *see also Wilson*, ¶ 63, 246 P.3d at 282. "A verified bill of costs is *prima facie* evidence that the items listed were necessarily expended and are properly taxable as costs." *Garrison*, ¶ 45, 179 P.3d at 879 (citing 20 Am.Jur.2d *Costs* § 91 (2005)).

[¶30] In their application for costs, Defendants identified the following as the basis for awarding the Danielson deposition costs:

> Costs of Depositions, or copies thereof read or displayed into evidence at trial in lieu of appearance, for impeachment, to refresh recollection or taken at request of non-prevailing party; Rule 501(a)(3)(D). Rule 68; Cost of necessary depositions. *Duffy v. Brown*, 708 P.2d 433 (Wyo. 1985).

[¶31] Plaintiffs argue that this statement was insufficient to meet Defendants' burden of proving that the deposition costs were reasonably necessary for the preparation of the case for trial. In so arguing Plaintiffs cite to this Court's decision in *Wilson*, where we stated:

> In the instant case, the record does not reflect any justification for an award of costs for this deposition beyond the bald assertion in the certificate of costs that the deposition was used at trial and the costs were actually and necessarily incurred. Given this dearth of justification, we would be hard-pressed to find that the district court acted reasonably in awarding these costs. *See Garrison v. CC Builders, Inc.*, 2008 WY 34, ¶ 49, 179 P.3d 867, 879–80 (Wyo. 2008).

*Wilson*, ¶ 63, 246 P.3d at 282.

11

[¶32] We generally agree with Plaintiffs that a party's generic recitation of all the grounds that could possibly support an award of deposition costs is not by itself sufficient to satisfy that party's burden of proving that the depositions were reasonably necessary for trial. A district court would act well within its discretion if it were to deny costs under such circumstances. On appeal, though, the burden is on the party challenging the award of costs to show that the district court abused its discretion in awarding the costs, and this Court has recognized that when a party appeals an award of costs, it is that party's responsibility to designate a record that is sufficient to enable this Court's review of the district court's exercise of discretion. *Jones*, ¶ 9, 275 P.3d at 1247 (citing *Nish*, ¶ 21, 138 P.3d at 1142). We have explained:

> When this Court does not have a properly authenticated transcript before it, it must accept the trial court's findings of fact upon which it bases any decisions regarding evidentiary issues. *Capshaw v. Schieck*, 2002 WY 54, ¶ 21, 44 P.3d 47, 54 (Wyo. 2002). The failure to provide a transcript does not necessarily require dismissal of an appeal, but our review is restricted to those allegations of error not requiring inspection of the transcript. Lacking a transcript, or a substitute for the transcript, the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed. *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 664 (Wyo. 1996); *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo. 1993).

*Jones*, ¶ 9, 275 P.3d at 1247 (quoting *Lykins v. Habitat for Humanity, The Heart of Wyo., Inc.*, 2010 WY 118, ¶ 11, 237 P.3d 405, 408 (Wyo. 2010)).

[¶33] What distinguishes the appeal in the present case from that in *Wilson* is that in *Wilson* this Court had a trial transcript to review. It was the Court's consideration of the transcript that led to our conclusion that "the record does not reflect any justification for an award of costs for this deposition beyond the bald assertion in the certificate of costs that the deposition was used at trial and the costs were actually and necessarily incurred." *Wilson*, ¶ 63, 246 P.3d at 282. In contrast, in the present appeal, we have Defendants' verified statement of costs, the district court's award of the costs, and no trial transcript against which to review that award. We must therefore presume the regularity of the district court's ruling and the competency of the evidence upon which that ruling was based. *See Jones*, ¶ 9, 275 P.3d at 1247. As we explained in *Wilson*:

> Finally, the Wilsons object to the award of costs to Lucerne in the amount of $67.43 for "duplication and preparation costs and expenses for documents and exhibits admitted into evidence." The controlling law is found in

12

U.R.D.C. 501(a)(3)(E), which includes in allowable costs "[d]uplicating costs necessarily incurred for documents admitted into evidence...." While we are troubled somewhat by the lack of specificity as to this category of costs, by the fact that "duplication and preparation costs and expenses" may or may not equal "duplicating costs," and by the fact that Lucerne apparently provided no further information to the district court upon which it could exercise its discretion, the certificate of costs was verified, and we have held that a "verified bill of costs is *prima facie* evidence that the items listed were necessarily expended and are properly taxable as costs." *Garrison*, 2008 WY 34, ¶ 45, 179 P.3d at 879. Lucerne asserts in its appellate brief that these costs "represent one copy of the exhibits introduced." Even that information supplied to the district court would have been helpful. In the end, however, we conclude that the district court did not abuse its discretion in awarding duplication costs.

*Wilson*, ¶ 66, 246 P.3d at 282-83.

[¶34] Based on the record before us for this appeal, we are unable to find that the district court abused its discretion in awarding costs of the Danielson deposition.

## 2. Deposition Costs for Depositions of Plaintiffs Todd and Holly Graus

[¶35] Defendants sought deposition costs in the amount of $633.20 for the depositions of Todd and Holly Graus. Plaintiffs again argue that Defendants failed to carry their burden of showing that these costs were reasonably necessary for the preparation of trial, and the district court therefore abused its discretion in awarding the costs. With respect to these deposition costs, we are presented with a record that does allow the Court to review whether the costs were reasonably necessary for trial, and we agree with Plaintiffs that these costs should not have been awarded.

[¶36] As we noted above, a party seeking an award of deposition costs carries the burden of showing that those costs were reasonably necessary for trial preparation. *Garrison*, ¶ 45, 179 P.3d at 879; *see also Wilson*, ¶ 63, 246 P.3d at 282. This burden is not diminished by the fact that the depositions at issue were depositions of the party opponent. As we explained in *Wilson*,

It is, perhaps, interesting that, under U.R.D.C. 501(a)(3)(D), the deposition of a party opponent is not automatically considered reasonably necessary for the

preparation of the case. Consequently, as with any deposition, "the burden must be upon the party seeking the award of costs to justify to the district court that those costs were reasonably necessary for the preparation of the case for trial." *Cundy Asphalt Paving Constr. v. Angelo Materials Co.*, 915 P.2d 1181, 1183 (Wyo. 1996) (quoting *Weaver v. Mitchell*, 715 P.2d 1361, 1373 (Wyo. 1986)).

*Wilson*, ¶ 63, 246 P.3d at 282.

[¶37] In their application for costs, Defendants requested the award of costs for the Graus depositions using the same generic statement that they used to support the Danielson deposition costs:

> Costs of Depositions, or copies thereof read or displayed into evidence at trial in lieu of appearance, for impeachment, to refresh recollection or taken at request of non-prevailing party; Rule 501(a)(3)(D). Rule 68; Cost of necessary depositions. *Duffy v. Brown*, 708 P.2d 433 (Wyo. 1985).

[¶38] On appeal, however, Defendants clarified the basis on which they were claiming the Graus deposition costs. In particular, Defendants contend that the Graus depositions were used in Defendants' motion for partial summary judgment on the question of punitive damages. Because Defendants' summary judgment motion and supporting brief were included in the record on appeal, we have a record that is sufficient to allow the Court to review whether the district court abused its discretion in awarding the Graus deposition costs.

[¶39] Defendants are correct that the use of a deposition to support a summary judgment motion may provide a basis to find the deposition costs allowable. This Court has explained:

> With respect to costs of discovery depositions, we espouse the rule that if the discovery deposition is reasonably necessary for the preparation of the case, then there is no abuse of discretion on the part of the district judge in awarding such costs. See for example, *Bailey v. Meister Brau, Inc.*, 535 F.2d 982 (7th Cir. 1976); *Griffin v. Collins*, 443 F.Supp. 1010 (S.D.Ga. 1978); *George R. Hall, Inc. v. Superior Trucking Co., Inc.*, 532 F.Supp. 985 (N.D.Ga. 1982); *Kraeger v. University of Pittsburgh*, 535 F.Supp. 233 (W.D.Pa. 1982); *Wade v. Mississippi Cooperative Extension Service*, 64 F.R.D. 102 (N.D.Miss. 1974); *Mastrapas v. New*

*York Life Insurance Co.*, 93 F.R.D. 401 (E.D.Mich. 1982).
With respect to the exercise of discretion as to such costs,
however, the burden must be upon the party seeking the
award of costs to justify to the district court that those costs
were reasonably necessary for the preparation of the case for
trial. If the depositions are introduced at the trial, or are used
for purposes of impeachment or refreshing the recollection of
a witness at the trial that would ordinarily satisfy the burden
of demonstrating that they were reasonably necessary. ***Other
uses of the deposition in connection with the trial
proceedings such as motions for summary judgment might
serve to persuade the district court that the depositions were
reasonably necessary, but it would not be required to so
conclude***. * * *

*Duffy v. Brown*, 708 P.2d 433, 440-41 (Wyo. 1985) (quoting *State and G.M. Kinniburgh
v. Dieringer*, 708 P.2d 1 (Wyo. 1985)) (emphasis added).

[¶40]  Although the use of depositions in connection with a summary judgment motion
may provide a basis to find the depositions reasonably necessary for trial, the record does
not support such a finding in this case.  We have reviewed Defendants' partial summary
judgment motion and supporting memorandum, and the depositions are not cited in the
motion or memorandum.  We therefore find no basis in the summary judgment motion
for an award of these deposition costs, and this portion of the award is reversed.

### 3.    Expert Fee for Danielson Deposition

[¶41]  Defendants sought expert fees in the amount of $750.00 for their deposition of
Plaintiffs' expert, Robert Danielson.  This amount represented three hours of deposition
time at $250 per hour.  Defendants cite W.R.C.P. 68 as their sole basis for this cost.  As
discussed above, W.R.C.P. 68 does not provide a basis for costs in this case.
Additionally, U.R.D.C. 501(a)(3)(B) and Wyo. Stat. Ann. § 1-14-102(b) allow expert
fees of only $25.00 per day for trial testimony, or fees for actual trial testimony at such
higher rate as the court may determine.  *See also Snyder v. Lovercheck*, 2001 WY 64,
¶ 13, 27 P.3d 695, 699-700 (Wyo. 2001); *Coulthard v. Cossairt*, 803 P.2d 86, 93 (Wyo.
1990).  Neither U.R.D.C. 501 nor Wyo. Stat. Ann. § 1-14-102(b) allows for the awarding
of expert fees for depositions, and Defendants cite to no other authority for the awarding
of such fees.  This portion of the award is therefore reversed.

### 4.    Expert Fee for Zia Yasrobi

[¶42]  Defendants sought an award of $150.00 for one hour of time their defense expert,
Zia Yasrobi, spent preparing for trial testimony.  U.R.D.C. 501(a)(3)(B)(ii) provides that

15

for an expert witness, "[t]ime charged in preparation for providing testimony and/or standing by awaiting the call to give testimony is not allowable as costs, except at the rate of $25.00 per day." This award shall be reduced to $25.00.

## 5.     Supoena Service Fee for Mark Uptain

[¶43] Defendants sought an award of $50.00 for the service fee for the subpoena served on Mark Uptain. Plaintiffs object to this cost, contending that the cost a party incurs in subpoenaing its own witness is not allowed under the rules. Plaintiffs cite no authority to support their argument. U.R.D.C. 501(a)(3)(A) authorizes fees for the service of process. The district court did not abuse its discretion in awarding this cost.

## 6.     Witness Fees and Mileage for Mark Uptain

[¶44] Defendants sought $25.68 for witness fees and mileage costs for Mark Uptain to attend the trial. Plaintiffs object on the ground that Mr. Uptain did not actually provide trial testimony. Defendants respond that Mr. Uptain appeared in accordance with his subpoena on the morning Defendants were to begin putting on their case and the only reason Mr. Uptain did not testify was that the district court granted Defendants motion for judgment as a matter of law.

[¶45] U.R.D.C. 501 provides as follows concerning witness fees:

> Witness fees are allowed at the rate of $30.00 per day and $15.00 per half day necessarily spent traveling to and from the proceeding and in attendance at the proceeding. Mileage is allowed at the rate of $.23 per mile, not to exceed the costs of common carrier transportation rates.

U.R.D.C. 501(a)(3)(B)(i) (LexisNexis 2014).

[¶50] Rule 501 does not condition payment of witness fees and mileage on a requirement that the witness actually testify, and Plaintiffs made no showing that Mr. Uptain did not appear for his testimony. We find no abuse of discretion in the district court's award of these costs.

## CONCLUSION

[¶51] We hold that Rule 68 did not apply to the award of costs in this matter because Defendants were the offeror under Rule 68 and were also the prevailing parties. Costs were instead governed by Rule 54(d). We remand to the district court for entry of an order awarding costs consistent with our ruling herein. Affirmed in part and reversed in part.

16