2008 WY 95

**Janeen L. CAPSHAW, trustee for Janeen L. Capshaw–King Revocable Trust, Appellant (Intervenor),**

**v.**

**Joy L. OSBON, Successor Trustee of the Zelda Corbett Revocable Trust dated the 3rd day of November, 1993, as amended, Appellee (Plaintiff),**

**and**

**Mathew Todd Corbett, Appellee (Defendant).**

No.  S–07–0228.

Supreme Court of Wyoming.

Aug. 15, 2008.

Representing Appellant: Billie L.M. Addleman and Gary R. Scott of Hirst & Applegate, P.C., Cheyenne, Wyoming.

Representing Appellee Joy L. Osbon: Mary Helen Reed of McCarty and Reed, Attorneys at Law, L.C., Cody, Wyoming.

Representing Appellee Mathew Todd Corbett: John P. Worrall of Worall & Greear, P.C., Worland, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] The appellant, Janeen L. Capshaw, Trustee for the Janeen L. Capshaw–King Revocable Trust (Capshaw), entered into a contract to purchase a large portion of real estate held by the Zelda Corbett Revocable Trust (the Corbett Trust). The appellee, Mathew Todd Corbett (Corbett), one of the beneficiaries of the Corbett Trust, joined with a number of the other beneficiaries in objecting to the sale to Capshaw. Joy L. Osbon, Trustee for the Corbett Trust (Trustee), filed a declaratory judgment action requesting approval of the sale. Capshaw, who was not originally named in the declaratory judgment action, filed a motion to intervene and her motion was granted. The district court ordered that the property be sold to Corbett. We remand for a new hearing.

## FACTS

[¶ 2] In November 2006, Corbett expressed a desire to purchase a large portion of the real property held by the Corbett Trust. He contacted Trustee to discuss and negotiate the terms of the purchase. Although the estimated value of the property was between $600,000 and $700,000, Corbett offered to purchase the property for $450,000. Trustee contacted the beneficiaries to gauge their interest in selling the property to Corbett. Seven of the nine beneficiaries responded, and of those seven, only one indicated that she would be willing to sell the land to Corbett for $450,000

[¶ 3] In January 2007, in an effort to more accurately assess the market value of the property, Trustee sought a real estate evaluation. Based on a comparative market analysis, the property was estimated to be valued at $910,917.00. On January 8, Trustee listed the property for sale with a local realtor. Although the property was formally listed, it was not actively marketed pending another offer from Corbett.

[¶ 4] On March 20, 2007, Corbett, through counsel, again proposed to purchase the property. Corbett's offer involved distributions in-kind to the beneficiaries and other terms. Trustee, through her attorney, rejected this offer explaining that it was inconsistent with the terms of the trust and that, in her opinion, Corbett's offer did not maximize the return to the beneficiaries. Trustee encouraged Corbett to consider a cash offer and informed him that the realtor would begin actively marketing the property on April 23, 2007.

[¶ 5] On April 27, 2007, the Corbett Trust received a full-price offer from the Janeen L. Capshaw–King Revocable Trust to purchase the property for $910,000.00. Trustee notified all of the Corbett Trust beneficiaries of the offer and requested that they respond with any concerns within five days, or no later than May 7, 2007, which was the day the offer expired. A number of the beneficiaries expressed a desire that Trustee meet with Corbett before accepting the offer. Trustee and Corbett had scheduled a meeting for May 14, 2007, and Trustee requested that they move this meeting up so that they could discuss the offer before it expired. Corbett requested that Trustee ask Capshaw for an extension, which she did and which extension was denied. Unable to secure an extension, Trustee made a counteroffer, which provided, among other things, that the sale would be contingent on approval by the district court. Capshaw accepted the counteroffer on May 11, 2007.

[¶ 6] On June 8, 2007, Trustee filed a Complaint for Declaratory Judgment and Petition for Approval of Sale of Real Property. Corbett filed an Answer to Complaint for Declaratory Judgment and Request for Deni-

al for [sic] Approval of Sale of Real Property on July 17, 2007. Not all other beneficiaries answered, but those who did requested that the property be sold to Corbett pursuant to a family agreement.

[¶ 7]  A hearing was held on August 10, 2007. At that hearing, Corbett presented a document entitled Corbett Family Agreement. This document was signed by all but one of the beneficiaries. Under the terms of the agreement, Corbett would purchase the property and certain beneficiaries would receive a promissory note and others would receive less consideration than his or her share of the full purchase price. The court ruled from the bench that the petition for approval of the sale to Capshaw be denied and ordered that the property be sold to Corbett pursuant to the Corbett Family Agreement.

[¶ 8]  On August 27, 2007, prior to entry of a formal order, Capshaw filed a Motion to Intervene as a Matter of Right and a Request for Setting. On September 6, 2007, the district court entered an order granting Capshaw's motion to intervene. On that same day, the court also entered an order denying the petition to approve the sale to Capshaw. On September 13, 2007, Capshaw filed a Notice of Appeal, specifically appealing the Order Denying Petition for Approval of Sale of Real Property and Approving a Sale to the Beneficiaries Pursuant to the Corbett Family Agreement Dated August 10, 2007.

## ISSUES

[¶ 9]  Capshaw states the issues as follows:

A.  Whether the district court erred in ruling on the Complaint for Declaratory Judgment without allowing [Capshaw] an opportunity to be heard on the matter.

B.  Whether the district court erred in ruling on the Complaint for Declaratory

Judgment contrary to Wyo. Stat. Ann. § 1–37–113.

Corbett states the following two issues:

A.  Was the District Court's failure to allow Capshaw an opportunity to be heard on the Complaint for Declaratory Judgment harmless error in light of the fact that Capshaw should not have been allowed to intervene in the first place?

B.  Whether Capshaw should have been allowed to intervene as a matter of right, since she had no legally protectible interest, because the contract in question was contingent upon the Court's approval?

## DISCUSSION

[¶ 10]  As can be seen from the statement of issues, both parties largely frame their appellate arguments around whether Capshaw should have been allowed to intervene and participate in the matter: Capshaw claiming that as an intervening party she should have been given an opportunity to be heard; Corbett arguing that the court erred in allowing Capshaw to intervene. Although there may be legitimate issues concerning whether the motion to intervene was properly granted, Corbett did not appeal the Order Granting Motion to Intervene. Capshaw's notice of appeal only challenges the order on the declaratory judgment action. Corbett did not file a cross-appeal challenging the Order Granting Motion to Intervene.[1]

[¶ 11]  The timely filing of a notice of appeal is jurisdictional and the failure timely to file a notice of appeal deprives this Court of jurisdiction to hear the appeal. W.R.A.P. 1.03; *Nish v. Schaefer*, 2006 WY 85, ¶ 24, 138 P.3d 1134, 1143 (Wyo.2006); *Yeager v. Forbes*, 2003 WY 134, ¶ 14, 78 P.3d 241, 246–47 (Wyo.2003); *Harding v. Glatter*, 2002 WY 124, ¶ 6, 53 P.3d 538, 539 (Wyo.2002). We will not consider appellate argument or issues arising out of an improper or untimely notice of appeal. For example, in *Nish v. Schaefer*, judgment was entered against the appellant and he filed a timely notice of appeal. 2006 WY 85, ¶¶ 4, 22, 138 P.3d at

---

1.  W.R.A.P. 2.01(a)(2) addresses cross-appeals and provides: "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 15 days of the date on which the first notice of appeal was filed."

1137, 1142. After the appellant filed his notice of appeal, the district court awarded costs to the appellee and the appellant filed a second notice of appeal challenging the award of costs. *Id.* The appellant failed to file a brief in the second appeal and it was dismissed for lack of prosecution. *Id.* at 2006 WY 85, ¶ 22, 138 P.3d at 1142. Undaunted by the dismissal of the costs appeal, the appellant included an issue in his brief in the first appeal contesting the award of costs. *Id.* We declined to consider the costs issue reasoning that "[s]ince [the first appeal] does not include an appeal from the district court's order on costs, issues pertaining to that order cannot be raised in this appeal." *Id.* at 2006 WY 85, ¶ 24, 138 P.3d at 1143.

[¶ 12] We are confronted with a similar problem here. Because Corbett failed to appeal from the order granting the motion to intervene, we do not have jurisdiction to determine whether the motion was properly granted, and issues pertaining to that order cannot be raised in this appeal. Thus, we must proceed on the basis that Capshaw was properly made a party to the action below.

[¶ 13] The order allowing Capshaw to intervene was entered after the hearing on the matter had already occurred and on the same day the declaratory judgment order was entered. Thus, Capshaw was not given the opportunity to present argument or evidence regarding the question of whether the sale should have been approved. An intervener "[becomes] a party to the litigation with the same rights and responsibilities of an original party to the litigation." *Eklund v. Farmers Ins. Exch.,* 2004 WY 24, ¶ 12, 86 P.3d 259, 263 (Wyo.2004). "Due process of law includes notice and an opportunity to be heard. That notice and the opportunity to be heard are unquestionably incidental to affording due process of law." *Loghry v. Loghry,* 920 P.2d 664, 668 (Wyo. 1996). " 'It is basic that, *before* a property interest can be terminated, except in emergency situations, due process must be afforded to litigants in the form of notice and a *meaningful* opportunity to be heard.' " *Sandstrom v. Sandstrom,* 880 P.2d 103, 106 (Wyo.1994) (quoting *Lawrence–Allison & Assocs. West, Inc. v. Archer,* 767 P.2d 989, 997 (Wyo.1989)) (emphasis in original). In the instant case, Capshaw had no opportunity to protect her interest, if any, in the property.

[¶ 14] Any decision by this Court would be premature as Capshaw was not afforded the opportunity to participate in the declaratory judgment action to which she was made a party. Thus, the matter must be remanded for a new hearing where all parties may be heard.

## CONCLUSION

[¶ 15] Corbett failed to appeal from the order allowing Capshaw to intervene in this matter and therefore he cannot challenge that order in this appeal. Inasmuch as Capshaw was a party to the dispute below, she should have been given notice and an opportunity to be heard in those proceedings. Because this did not occur, we reverse and remand for a new hearing.