# IN THE SUPREME COURT, STATE OF WYOMING

# 2015 WY 57

APRIL TERM, A.D. 2015

April 15, 2015

GREGORY D. LAVITT and DEBRA C. LAVITT,

Appellants
(Defendants),

v.                                             S-14-0190

HARRY E. STEPHENS,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Keith G. Kautz, Judge*

*Representing Appellants:*
    Mitchell H. Edwards, Nicholas & Tangeman, LLC, Laramie, Wyoming.

*Representing Appellee:*
    Frank J. Jones, Wheatland, Wyoming.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]   In an earlier proceeding which we affirmed on appeal, the district court determined that the appellee, Harry E. Stephens, forfeited a legally enforceable easement across the property of the appellants, Gregory D. Lavitt and Debra C. Lavitt (Lavitts). Thereafter, Mr. Stephens petitioned the district court to condemn a private road to his landlocked property, proposing a route crossing the Lavitts' property identical to the easement that had been terminated. The district court dismissed the Lavitts from the private road action, finding that Mr. Stephens had created his own lack of access. The Lavitts requested that the district court impose sanctions against Mr. Stephens and his attorney and award them costs and attorney's fees for bringing a second private road action. The district court declined to do so. We affirm.

### ISSUES

[¶2]   1.   Did the district court abuse its discretion when it declined to award costs and attorney's fees to the Lavitts pursuant to W.R.C.P. 41(d)?

2.   Did the district court abuse its discretion when it declined to impose sanctions against Mr. Stephens and his attorney pursuant to W.R.C.P. 11?

### FACTS

[¶3]   We considered the first chapter of this road easement dispute in *Stephens v. Lavitt*, 2010 WY 129, 239 P.3d 634 (Wyo. 2010). The Lavitts and Mr. Stephens own mountain property near one another in Albany County, Wyoming. *Id.* at ¶ 3, 239 P.3d at 636. In 2007, Mr. Stephens filed a petition with the Board of County Commissioners of Albany County (Board) requesting that the Board condemn a private road to provide Mr. Stephens access to his land-locked property. In his petition, Mr. Stephens named the Lavitts as affected parties, and proposed a route traversing their property.

[¶4]   Thereafter, Mr. Stephens commenced a declaratory judgment action in district court seeking a ruling that he held a valid easement across the Lavitts' property.[1] *Stephens*, 2010 WY 129, ¶ 4, 239 P.3d at 636. The district court determined that Mr. Stephens did hold a valid easement, but imposed conditions on Mr. Stephens' use of the easement. *Id.* at ¶¶ 6-7, 239 P.3d at 636. Mr. Stephens repeatedly violated these conditions,[2] which resulted in the district court finding that Mr. Stephens had forfeited

---

[1] The Board stayed the private road proceedings until the district court ruled on the declaratory judgment action.

[2] The district court found that Mr. Stephens had violated the conditions placed upon his use of the easement by cutting the lock off the gate used to protect the various properties from vandalism, and placing a combination lock on the gate, as ordered by the court, but stamping the combination on the lock allowing anyone to enter the gated area, thus defeating the purpose of the locked gate. *Stephens*, 2010

---

1

the easement due to his own bad acts. *Id.* at ¶ 8, 239 P.3d at 637. In 2009, the district court terminated Mr. Stephens' easement, and on appeal, we affirmed. *Id.* at ¶¶ 8, 22, 239 P.3d at 637, 640.

[¶5]   In the meantime, prior to the district court's determination that Mr. Stephens forfeited the easement, the parties stipulated to a dismissal of the Lavitts from the private road action pending in front of the Board. After the district court's termination of Mr. Stephens' easement, the private road action before the Board continued for nearly four years, until July 2013, when Mr. Stephens withdrew his application for a private road and the Board dismissed the proceeding.

[¶6]   Mr. Stephens then filed a complaint in district court pursuant to Wyo. Stat. Ann. § 24-9-101 (LexisNexis 2013), requesting that the court condemn a private road allowing access to Mr. Stephens' land-locked property. Mr. Stephens again named the Lavitts as affected parties and proposed a route traversing the portion of the Lavitts' property where his former easement lay. The Lavitts moved to dismiss the complaint, arguing, among other things, that Mr. Stephens failed to bring the private road action in good faith. The Lavitts also filed a Rule 11 motion requesting that the district court impose sanctions against Mr. Stephens and his attorney. The Lavitts filed an additional motion requesting that the district court award them costs and attorney's fees pursuant to W.R.C.P. 41(d). The district court held a hearing on the Lavitts' motions. At its conclusion, the district court ruled from the bench, finding that Mr. Stephens had created his own lack of access, which precluded him from seeking a road across the Lavitts' property. It therefore dismissed the Lavitts from the private road action. The district court then declined to award sanctions against Mr. Stephens or his attorney, stating:

> The court recognizes that there has been a prior action before the county commissioners in Albany County and that was dismissed and then the matter is raised in the district court. However, the change of process or procedure that the legislature enacted to the court's way of thinking is sufficient to not make this just a repetitive, redundant procedure. The legislature was really concerned about bringing these private road actions in the county commissioners forum instead of with the courts. So, the court doesn't find that this is just a redundant, repetitive action. The court also finds and recognizes that the remedy [terminating the easement] the court previously entered is a drastic, unique remedy and the

WY 129, ¶ 8, 239 P.3d at 636-37. The district court also found that Mr. Stephens and his family members had physically threatened the Lavitts, harassed them by parking near the Lavitts' cabin and pointing their headlights into the Lavitts' bedroom window in the early morning hours, entered the Lavitts' cabin without invitation or permission, and deposited cigarette butts near the Lavitts' cabin, presenting an extreme fire hazard.

application or non-application of private road availability was
unknown.

The Lavitts appealed the district court's denial of their Rule 11 and Rule 41(d) motions.[3]

## *DISCUSSION*

### I.    *Did the district court abuse its discretion when it declined to award costs and attorney's fees to the Lavitts pursuant to W.R.C.P. 41(d)?*

[¶7]    Because the award of costs[4] under Rule 41(d) is discretionary with the district court, we apply an abuse of discretion standard. *Graus v. OK Invs., Inc.*, 2014 WY 166, ¶ 10, 342 P.3d 365, 368 (Wyo. 2014). However, "[w]hile the award of costs itself is reviewed for an abuse of discretion, the question whether a particular costs provision applies requires construction of a court rule, which is a question of law that we review de novo." *Id.* at ¶ 11, 342 P.3d at 369 (citing *Stewart Title Guar. Co. v. Tilden*, 2008 WY 46, ¶ 7, 181 P.3d 94, 98 (Wyo. 2008)).

[¶8]    In construing rules of procedure, we apply the same guidelines as those we use when interpreting statutes. *Busch v. Horton Automatics, Inc.*, 2008 WY 140, ¶ 13, 196 P.3d 787, 790 (Wyo. 2008). We first determine whether the statute or procedural rule is ambiguous. *Id.* If not, we interpret the plain language of the rule according to the "ordinary and obvious meaning of the words employed," giving due regard to their arrangement and connection. *Id.*

[¶9]    Rule 41(d) states:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Rule 41 (d) provides that the dismissal must occur "in any court." Mr. Stephens argues that the only case he voluntarily dismissed took place with the Board, which is an agency,

---

[3] Mr. Stephens also appealed the district court's order dismissing his private road action, but after briefing by the parties, Mr. Stephens filed a motion to dismiss the appeal, which we granted.

[4] Rule 41(d) provides for the award of costs, but does not explicitly provide for the award of attorney fees. There is a split in federal authority concerning whether Rule 41(d) encompasses attorney fees as well as costs. 9 Charles A. Wright et al., *Federal Practice and Procedure* § 2375 (3d ed. 2008). Our conclusion does not require us to determine whether W.R.C.P. 41(d) allows for the award of attorney fees as well as costs. We therefore refrain from resolving that issue in this case.

not a court; thus, Rule 41(d) is not applicable. The Lavitts argue that because a contested case hearing is similar to a judicial proceeding, the Board should be construed to be acting as a "court" during such proceedings, and the award of costs should be available under Rule 41(d). We find that the ordinary meaning of the word "court" as used in W.R.C.P. 41(d) does not include an agency, and that the provisions of that rule are not applicable to this case.

[¶10] Both parties agree that the Board is an "agency" as defined by the Wyoming Legislature. "'Agency' means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, *except* the governing body of a city or town, the state legislature, the University of Wyoming and *the judiciary*[.]" Wyo. Stat. Ann. § 16-3-101(b)(i) (LexisNexis 2013) (emphasis added). This clearly indicates the legislature's intent to distinguish between the judiciary and administrative agencies in Wyoming. *See Worcester v. State*, 2001 WY 82, ¶ 13, 30 P.3d 47, 52 (Wyo. 2001) ("This court interprets statutes by giving effect to the legislature's intent.").

[¶11] The nature of the judicial branch when compared with administrative agencies further solidifies our conclusion that the term "court" and "agency" cannot be considered coextensive. The courts of our state are created and maintained as a separate, independent branch of government in accordance with the mandates of the Wyoming Constitution. Wyo. Const. art. 5. An administrative agency, however, is an arm of the executive branch. *Matter of Contempt Order Issued Against Anderson*, 765 P.2d 933, 935 (Wyo. 1988). To find that our judicial system and administrative agencies are one and the same would be to disrupt the delicate system of checks and balances on which our government relies. We decline to do so.

[¶12] The district court did not err in denying the Lavitts' motion for costs and attorney's fees pursuant to W.R.C.P. 41(d). Such an award is not available under Rule 41(d) when the prior action voluntarily dismissed was one commenced in an administrative agency rather than in a judicial court.

## II. Did the district court abuse its discretion when it declined to impose sanctions against Mr. Stephens and his attorney pursuant to W.R.C.P. 11?

[¶13] We review a district court's decision on whether to impose Rule 11 sanctions under an abuse of discretion standard. *Davis v. Big Horn Basin Newspapers, Inc.*, 884 P.2d 979, 983 (Wyo. 1994) (citing *LC v. TL*, 870 P.2d 374, 381 (Wyo. 1994)). Our touchstone inquiry in determining whether a court abused its discretion is whether the trial court could have reasonably concluded as it did. *Dewey v. Dewey*, 2001 WY 107, ¶ 18, 33 P.3d 1143, 1148 (Wyo. 2001); *Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998).

4

[¶14]  A Rule 11 analysis requires a two-step inquiry.  First a court must determine whether there has been a violation of Rule 11(b).  Only if such a violation occurs does the court consider whether sanctions should be imposed pursuant to Rule 11(c). W.R.C.P. 11(c) (“*If* . . . the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction.” (emphasis added)).  Because we find that the district court did not abuse its discretion in determining that there was no violation of Rule 11(b), we need not consider whether sanctions were appropriate.

[¶15]  W.R.C.P. 11(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1)  It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>> (2)  The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>> (3)  The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4)  The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The Lavitts contend that Mr. Stephens and his attorney violated Rule 11(b) in two ways. They argue that the district court action was filed for improper purposes in violation of Rule 11(b)(1), and that Mr. Stephens' claims are not warranted by existing law or nonfrivolous argument for the extension, modification, or reversal of existing law in violation of Rule 11(b)(2).  The district court determined that, based on the change in the procedure for private road actions initiated by the legislature[5] and the drastic remedy the court imposed in terminating Mr. Stephens' easement, there remained a question whether Mr. Stephens could apply for a private road, and there was therefore no Rule 11 violation.

---

[5] Discussed *infra* ¶ 17.

[¶16]  We analyze each of the Rule 11(b) elements independently as "violation of any of them triggers the sanctions provisions of the rule." 5A Charles A. Wright et al., *Federal Practice and Procedure* § 1335 (3d ed. 2004); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003).  We begin with the Lavitts' contention that Mr. Stephens and his attorney violated Rule 11(b)(2), which requires that the claims made are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  We must therefore examine the law pertaining to private roads in Wyoming at the time of these actions.

[¶17]  The private road statutes, Wyo. Stat. Ann. § 24-9-101, *et seq.*, have undergone significant revision over the years, with the most recent amendments enacted in 2013. Prior to 2013, an applicant for a private road was required to file his action with the board of county commissioners in the county where the applicant's land was located.  Wyo. Stat. Ann. § 24-9-101(a) (LexisNexis 2011).  After the 2013 amendment, a private road action could only be commenced in district court.  Wyo. Stat. Ann. § 24-9-101(a) (LexisNexis 2013).  While the forum for filing a private road action changed, the substantive requirements for an application remained essentially the same.  *Compare* Wyo. Stat. Ann. § 24-9-101(a) (LexisNexis 2013) *with* Wyo. Stat. Ann. § 24-9-101(a) (LexisNexis 2011).

[¶18]  One such substantive requirement, which remained unchanged with the 2013 amendments, is that a private road action be commenced in good faith.  In *Mayland v. Flitner*, 2001 WY 69, 28 P.3d 838 (Wyo. 2001), we found that good faith in bringing a private road action is an "essential prerequisite." *Id.* at ¶ 13, 28 P.3d at 843.  The logical reverse of this requirement is that an applicant who acts in bad faith is precluded from bringing a private road action.  In *Mayland*, a respondent to a petition for a private road argued that the applicant had not brought the private road action in good faith because he had blocked a road to his land-locked property, thus causing his own lack of access.  *Id.* at ¶¶ 17-18, 28 P.3d at 845.  We found that the county commissioners in that case implicitly determined that the applicant acted in good faith in bringing the private road action because the commissioners found that a private road was necessary.  *Id.* at ¶ 19, 28 P.3d at 846.

> Although the County Commissioners did not specifically find "good faith," they likewise did not find "bad faith."  The requisite "good faith" is apparent and incorporated in the statutory language referenced in Finding No. 12, "[the applicant] has demonstrated that the private road for which this application is filed is necessary."  Had [the respondent] sufficiently established his claim of bad faith [based on the applicant causing his own lack of access], this finding could not have been made because it would not have been

6

> supported by the record. We conclude the record sufficiently demonstrates the "good faith" of the applicant as anticipated in *Dunning* [*v. Ankney*, 936 P.2d 61, 65 (Wyo. 1997)].

*Id.* We also recognized that an applicant acts in bad faith when he causes his own lack of access, and that bad faith precludes a person from petitioning for a private road. *Id.* at ¶ 19. We have steadfastly adhered to our ruling that a private road action be commenced in good faith, despite numerous amendments to the private road statutes. *Voss v. Albany Cnty. Comm'rs*, 2003 WY 94, ¶ 25, 74 P.3d 714, 722 (Wyo. 2003); *Wagstaff v. Sublette Cnty. Bd. of Cnty. Comm'rs*, 2002 WY 123, ¶ 12, 53 P.3d 79, 82-83 (Wyo. 2002); *Mayland*, 2001 WY 69, ¶ 13, 28 P.3d at 843; *Martens v. Johnson Cnty. Bd. of Comm'rs*, 954 P.2d 375, 380 (Wyo. 1998); *Dunning v. Ankney*, 936 P.2d 61, 65 (Wyo. 1997); *McGuire v. McGuire*, 608 P.2d 1278, 1286 (Wyo. 1980). While we have not yet had the opportunity to address our good faith requirement in light of the 2013 amendments, considering that these amendments were procedural rather than substantive, we find no reason to depart from our precedent.

[¶19] We turn to the question of whether Mr. Stephens or his attorney violated the provisions of Rule 11(b)(2) in commencing a second private road action in district court. According to Rule 11(b)(2), Mr. Stephens' complaint in district court must be warranted by: (1) the existing substantive law; or (2) a nonfrivolous argument for the extension, modification or reversal of the existing substantive law; or (3) a nonfrivolous argument for the establishment of new substantive law. W.R.C.P. 11(b)(2); *see also* 5A Wright, *supra* § 1335. Trial courts must apply an objective standard when determining whether a party has violated Rule 11(b)(2), asking whether the conduct was objectively reasonable under the circumstances. *Meyer v. Mulligan*, 889 P.2d 509, 517-18 (Wyo. 1995); *see also* Fed.R.Civ.P. 11, 1993 Notes of Advisory Committee.[6] Thus, our duty upon review is to determine whether the district court could reasonably have concluded that Mr. Stephens and his attorney acted reasonably and based on a nonfrivolous argument. *Meyer*, 889 P.2d at 517-18.

[¶20] There is no question that Mr. Stephens caused his own lack of access in this case. Mr. Stephens admitted to as much in his complaint for a private road filed in district court. In *Mayland* we determined that good faith is an "essential prerequisite" to bringing a private road action, and a party acts in bad faith when he causes his own lack of access. *Mayland*, 2001 WY 69, ¶¶ 13, 19, 28 P.3d at 843, 845-46. Thus, Mr. Stephens' claims are not supported by existing law because he was precluded from bringing a private road action by his own bad faith. *See* W.R.C.P. 11(b)(2) ("The

---

[6] Wyoming's Rule 11 is identical to its federal counterpart, thus, relevant federal authority interpreting Rule 11 is persuasive. *Bromley v. State*, 2009 WY 133, ¶ 18, 219 P.3d 110, 115 (Wyo. 2009); *Meyer*, 889 P.2d at 517.

claims . . . are warranted by existing law[.]"). However, the question is whether the filing party has presented a nonfrivolous argument to the court.

[¶21] The district court determined that the drastic remedy imposed in terminating Mr. Stephens' easement created uncertainty in whether Mr. Stephens could petition for a private road, and that Mr. Stephens and his attorney acted reasonably and in a nonfrivolous manner in filing the complaint in district court. We cannot say that the district court acted unreasonably in coming to this conclusion. *Vaughn*, 962 P.2d at 151. Forfeiture of an easement based on misuse is a drastic remedy, and this case presents the Court with a unique circumstance. *See Stephens*, 2010 WY 129, ¶¶ 20, 21, 239 P.3d at 640 (recognizing that forfeitures are generally abhorred, and that termination of the easement was an "onerous" remedy). We have a "long established public policy against land-locking property and rendering it useless." *In re Private Road ex rel. Cross*, 2013 WY 79, ¶ 24, 304 P.3d 932, 938 (Wyo. 2013). In Mr. Stephens' appeal challenging the district court's decision to terminate the easement, we recognized, in dicta, that Mr. Stephens' property would not be land-locked, stating, "Mr. Stephens can still access his property by using the Mart Miller Road." *Stephens*, 2010 WY 129, ¶¶ 21, 22, 239 P.3d at 640. Additional proceedings following that appeal have revealed that Mr. Stephens does not, in fact, have another legally enforceable route to access his property. Thus, once the district court terminated Mr. Stephens' easement, his property became land-locked. It was therefore, arguably, unclear which policy consideration—the reluctance to land-lock property or the requirement that applications be brought in good faith—would prevail in a situation such as this. The district court did not abuse its discretion in determining that there was uncertainty in the law under these circumstances.

[¶22] The Lavitts also argued that Mr. Stephens and his attorney violated Rule 11(b)(1) because they brought the district court action for an improper purpose—to harass. "[G]enerally, district courts do not sanction attorneys [or parties] who make nonfrivolous representations. A district court may do so, however, where it is objectively ascertainable that an attorney [or party] submitted a paper to the court for an improper purpose." *Whitehead*, 332 F.3d at 805. The district court made no independent findings on the issue of whether Mr. Stephens' complaint was filed for an improper purpose. Instead, the court relied on its holding that the complaint was not frivolous. Ordinarily, a district court's reliance on its finding that a filing was not frivolous is sufficient justification to decline imposing sanctions pursuant to Rule 11(b)(1). *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1300 (5th Cir. 1994); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1305 (9th Cir. 1989). A filing made for improper purposes is not immunized from Rule 11 sanctions simply because it is not frivolous; however only under "unusual circumstances" should such a filing constitute sanctionable conduct. *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 538 (5th Cir. 1990). We are not convinced that this case presents such an "unusual circumstance." While the record clearly demonstrates an animus between the parties, the Lavitts do not direct us to any specific evidence demonstrating that Mr. Stephens' intent in filing the district court action was to "harass" the Lavitts. Mr. Stephens' property was

land-locked, and it is plausible that he was attempting to utilize every possible avenue to ensure that it did not remain so. We find that the district court did not abuse its discretion in relying on its finding that Mr. Stephens' complaint was not frivolous.

[¶23] The district court determined that Mr. Stephens' voluntary dismissal of his first private road action and commencement of a second in district court was not frivolous because "the change of process or procedure that the legislature enacted to the court's way of thinking is sufficient to not make this just a repetitive, redundant procedure." Again, we cannot find that the district court acted unreasonably in concluding as it did. The legislature did, indeed, change the forum in which a private road action could be commenced with its 2013 amendments to the private road statutes. Wyo. Stat. Ann. § 24-9-101(a). The newly amended statutes provided no guidance on whether an action commenced prior to the amendment could be dismissed and refiled in district court following the amendment's effective date. While we may have come to a different conclusion, under our abuse of discretion standard of review, we will not set aside a trial court's decision merely because we may have reached another result. *Roberts v. Vilos*, 776 P.2d 216, 217 (Wyo. 1989).

[¶24] The district court's decision to not impose sanctions was based on its finding that the complaint filed by Mr. Stephens in district court was not frivolous, and as a result, there was no violation of Rule 11(b). We find that there was no abuse of discretion in the district court's holding and affirm. Because there was no violation of Rule 11(b), we need not consider whether the imposition of sanctions was appropriate pursuant to Rule 11(c). *See* W.R.C.P. 11(c) ("[T]he court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.").

## *CONCLUSION*

[¶25] We find that the district court did not abuse its discretion when it denied the Lavitts' motion for costs and attorney's fees pursuant to W.R.C.P. 41(d), and affirm. We also find there was no abuse of discretion in the district court's decision to not impose Rule 11 sanctions against Mr. Stephens and his attorney. Affirmed.