# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 54

### APRIL TERM, A.D. 2016

### May 26, 2016

MEGAN B. GOLDEN,

Appellant
(Plaintiff),

v.                                          S-15-0247

TODD A. GUION,

Appellee
(Defendant).

MEGAN B. GOLDEN,

Appellant
(Plaintiff),

v.                                          S-15-0248

TODD A. GUION,

Appellee
(Defendant).

MEGAN B. GOLDEN,

Appellant
(Plaintiff),

v.

S-15-0249

TODD A. GUION,

Appellee

(Defendant).

*Appeal from the District Court of Sheridan County*
The Honorable William J. Edelman, Judge

*Representing Appellant:*
　　*Pro se*.

*Representing Appellee:*
　　Amanda K. Roberts and J. Kyle Hendrickson of Lonabaugh and Riggs, LLP, Sheridan, Wyoming.

*Before HILL, DAVIS, FOX, KAUTZ, and GOLDEN, Ret., JJ.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KAUTZ, Justice.**

[¶1]    These consolidated cases involve an ongoing dispute over personal property awarded to Megan B. Golden in her 2012 divorce from Todd A. Guion.  In three separate docket numbers, Ms. Golden appeals from the district court's August 31, 2015 order that: 1) rejected her request for a rehearing on a 2012 denial of her motion to find Mr. Guion in contempt of court (Case No. S-15-0247); 2) denied her motion to vacate a February 2015 order following contempt hearings (Case No. S-15-0248); and 3) granted Mr. Guion's request for sanctions under W.R.C.P. 11 (Case No. S-15-0249).  We dismiss Case Nos. S-15-0247 and S-15-0248 for want of jurisdiction because Ms. Golden did not file timely notices of appeal.  We affirm the district court's award of sanctions to Mr. Guion in Case No. S-15-0249 and grant his request, under W.R.A.P. 10.05, for attorney fees and costs related to this appeal.

## ISSUES

[¶2]    The dispositive issues in this case are:

1.      Whether this Court has jurisdiction over Ms. Golden's appeals of the district court's denials of her motion for a rehearing and her motion to vacate when she did not file notices of appeal within thirty days after the motions were deemed denied.
2.      Whether the district court abused its discretion when it awarded Mr. Guion sanctions under W.R.C.P. 11.
3.      Whether Mr. Guion is entitled to sanctions pursuant to W.R.A.P. 10.05 because there was no just cause for Ms. Golden's appeals.

## FACTS

[¶3]    In 2010, after three years of marriage, Ms. Golden filed for divorce from Mr. Guion.  Throughout the litigation, Ms. Golden claimed Mr. Guion withheld, lost, or damaged her personal property.  At the conclusion of the divorce trial, the district court ordered the parties to make their best efforts to locate and protect the personal property.  On August 2, 2012, the district court entered a divorce decree which distributed the parties' real and personal property.  It awarded Mr. Guion the real property but ordered him to pay Ms. Golden $90,000, which represented approximately ninety percent of the equity in the real property.  Ms. Golden also received the vast majority of the personal property.

[¶4]    Ms. Golden appealed the decree, claiming the district court abused its discretion in dividing the property.  This Court summarily affirmed because Ms. Golden did not provide the transcript of the trial proceedings as part of the record on appeal.  *Golden v. Guion,* 2013 WY 45, 299 P.3d 95 (Wyo. 2013) (*Golden I*).  We also awarded attorney fees to Mr. Guion under W.R.A.P. 10.05.  *Id.,* ¶ 8, 299 P.3d at 97.  Several months after

our decision in *Golden I,* Ms. Golden filed a Petition for Writ of Review with this Court, again complaining about the district court's division of property and asserting that her constitutional rights had been violated by the Wyoming courts. We denied the petition for writ of review.

[¶5] The litigation between the parties also included numerous contempt proceedings. After the divorce trial but prior to entry of the decree, Ms. Golden filed a motion for order to show cause, claiming Mr. Guion should be held in contempt of court for vandalizing her personal property. At an August 16, 2012 hearing, the district court verbally denied Ms. Golden's motion because she failed to produce evidence to support a finding that Mr. Guion had violated a court order. The district court asked Mr. Guion's counsel to prepare a written order; however, no order was ever entered.

[¶6] Time passed and the parties continued their battle. On October 2, 2013, Mr. Guion filed a motion for order to show cause why Ms. Golden should not be held in contempt of court and for damages because she refused to sign a quitclaim deed to the real property in accordance with the divorce decree. At a hearing on the matter, Ms. Golden stated she had not signed the quitclaim deed because of Mr. Guion's actions regarding her personal property. The district court found Ms. Golden in contempt of court for refusing to sign the deed, and she immediately purged herself of the contempt by signing the deed. The court reserved the issue of Mr. Guion's damages and suspended the proceedings to allow Ms. Golden to file a motion for order to show cause on the personal property issue.

[¶7] Ms. Golden filed a motion for order to show cause on February 13, 2014. She again claimed that Mr. Guion should be found in contempt of court because he had damaged, destroyed or misappropriated her personal property. The district court held a hearing on June 19, 2014. It told Ms. Golden that many of her claims were not timely because they pertained to events that predated the divorce. The judge asked her to present evidence showing that Mr. Guion had destroyed her property or otherwise violated the decree after the divorce, and she conceded she did not have any. The district court, therefore, dismissed Ms. Golden's contempt action. It then directed the parties to file written memoranda on the issue of Mr. Guion's damages resulting from Ms. Golden's refusal to sign the quitclaim deed. After receiving the parties' written submissions on damages, the district court entered an "Order Following Contempt Hearing" on February 11, 2015. It reiterated that Ms. Golden had been found in contempt of court for failing to sign the quitclaim deed and awarded Mr. Guion damages of over $32,000. The district court also memorialized its earlier ruling that Ms. Golden had not proven Mr. Guion was in contempt of court for any actions pertaining to the personal property.

[¶8] Ms. Golden did not appeal the district court's February 11, 2015 order. Instead, on February 26, 2015, she filed a motion to vacate the order. A few months later, she

2

filed a motion for rehearing of her July 2012 contempt motion because no written order had been entered on the district court's August 2012 verbal denial of the motion.[1] Mr. Guion filed a motion for sanctions under W.R.C.P. 11.

[¶9] On August 31, 2015, the district court issued an order addressing all three motions. It denied Ms. Golden's motion for a rehearing, ruling the oral order was effective even though no written order had ever been entered, and the time for appeal had long since lapsed. The district court also denied Ms. Golden's motion to vacate the February 2015 order because she failed to articulate any grounds to set it aside under W.R.C.P. 60. Finally, the district court granted Mr. Guion's motion for sanctions under W.R.C.P. 11 because Ms. Golden had raised the same issues regarding the personal property many times and her most recent motions were meritless and amounted to harassment of Mr. Guion. Ms. Golden filed three separate notices of appeal from the August 31, 2015 order. We consolidated the cases for decision.

## DISCUSSION

### A. Timeliness of Appeals Under the "Deemed Denied" Rule – Case Nos. S-15-0247 and S-15-0248

[¶10] Case No. S-15-0247 pertains to Ms. Golden's May 11, 2015 motion for rehearing of her 2012 contempt motion. She claimed a rehearing was necessary because no written order denying her contempt motion was ever entered in the court record. Before we can consider the merits of her argument, we must determine whether Ms. Golden properly invoked this Court's jurisdiction by filing a timely notice of appeal.

[¶11] The timely filing of a notice of appeal is mandatory and jurisdictional. W.R.A.P. 1.03. The existence of jurisdiction is a matter of law; consequently, our review is *de novo*. *Waldron v. Waldron,* 2015 WY 64, ¶ 11, 349 P.3d 974, 977 (Wyo. 2015). Pursuant to W.R.A.P. 2.01, an appeal must be filed within thirty days after entry of an appealable order. The time limits for filing a notice of appeal apply to all parties, including those appearing *pro se. Poignee v. State,* 2016 WY 42, ¶ 9, ___ P.3d ____ (Wyo. 2016). Because failure to file a timely notice of appeal deprives this Court of jurisdiction, we will not consider appellate argument or issues arising from a late notice of appeal. *Waldron*, ¶ 11, 349 P.3d at 977; *Capshaw v. Osbon,* 2008 WY 95, ¶ 11, 190 P.3d 156, 158 (Wyo. 2008).

[¶12] Ms. Golden did not delineate the procedural authority for her motion for rehearing in her district court filing; however, she claims on appeal that she was entitled to a

---

[1] Ms. Golden stated that she realized a written order denying her 2012 contempt motion had not been entered when she was preparing to file a related federal court action against Governor Mead, Chief Justice Burke and District Judge Fenn. She filed that federal action in the United States District Court for the District of Wyoming; accordingly, Chief Justice Burke recused himself from participating in this appeal.

rehearing on her 2012 contempt motion because the district court's oral ruling was void under W.R.C.P. 60(b)(4).[2] Rule 60(b) motions are governed by the deemed denied rule in W.R.C.P. 6(c)(2):

> . . . Any motion, under Rules 50(b) and (c)(2), 52(b), 59 and 60(b), not determined within 90 days after filing shall be deemed denied unless, within that period, the determination is continued by order of the court, which continuation may not exceed 60 days, at which time, if the motion has not been determined, it shall be deemed denied.

[¶13] In *Paxton Resources, LLC v. Brannaman,* 2004 WY 93, 95 P.3d 796 (Wyo. 2004), this Court considered the effect of the deemed denied provision of Rule 6(c)(2) on the time for filing a notice of appeal. We described the setting for the appellate issue as:

> The following sequence of events sets the stage for our inquiry: the motions were filed, judgment was entered, the order setting the motions for hearing was entered, the ninety-day "deemed denied" date passed, the hearing was held, the thirty-day appeal deadline after the "deemed denied" date passed, the order denying the motions was entered, the notice of appeal was filed. There is no dispute that the appeal was filed more than thirty days after the "deemed denied" date. The sole question is whether the district court's entry of the setting order during the ninety-day period acted to toll the time for appeal or acted as a determination of the motions.

*Id.,* ¶ 6, 95 P.3d at 799. We concluded that, under Rule 6(c)(2), the written order denying the motions, which was entered after the ninety day deemed denied deadline had passed, did not extend the time for filing the notice of appeal. The appellant was required to file its notice of appeal within thirty days after the motion was deemed denied and failure to do so deprived this Court of jurisdiction. *Id.,* ¶ 18, 95 P.3d at 802.

[¶14] In the present case, the ninety day period for decision on Ms. Golden's May 11, 2015 motion for rehearing expired on August 9, 2015. She then had thirty days to file her notice of appeal, making the deadline September 8, 2015. Under *Paxton,* the district court's August 31, 2015 order did not extend the deadline to file the notice of appeal; therefore, Ms. Golden's September 28, 2015 notice of appeal was untimely.

---

[2] Rule 60(b) states in relevant part: "(b) *Other Reasons.* – On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[.]"

[¶15]   However, Rule 6(c)(2) has been amended since the *Paxton* decision to allow the district court to continue the determination of a motion subject to the deemed denied rule for an additional sixty days beyond the initial ninety day period.  Ms. Golden does not direct us to a ruling by the district court continuing the time for determination of her motion for rehearing beyond the ninety day period, and we have not located any such ruling in our review of the record.  In absence of a continuance, she was required to file her notice of appeal within thirty days after the ninety day period under Rule 6(c)(2) expired.  She did not do so; consequently, we do not have jurisdiction to decide the issues arising from the denial of her motion for rehearing.  *Waldron,* ¶ 11, 349 P.3d at 977, citing W.R.A.P. 2.01.  Ms. Golden's appeal in Case No. S-15-0247 is dismissed.

[¶16]   Ms. Golden's appeal in Case No. S-15-0248 of the denial of her motion to vacate the February 11, 2015 order following contempt hearings is also time barred.  She filed her motion to vacate on February 26, 2015.  Although she did not identify a specific procedural basis for her motion, we agree with the district court that it was clearly a motion for relief from the order governed by Rule 60(b).  Under Rule 6(c)(2) and *Paxton,* the motion to vacate was deemed denied ninety days after it was filed, or May 27, 2015.  Ms. Golden did not file her notice of appeal until September 28, 2015.

[¶17]   As we explained above, the current version of Rule 6(c)(2) allows the district court to continue the determination for an additional sixty days.  However, there is nothing in the record to indicate the district court granted a continuance in accordance with the rule, and, in any event, the August 31, 2015 order was outside the additional sixty day window.  Ms. Golden did not file her notice of appeal within thirty days after her motion to vacate was deemed denied; therefore, we do not have jurisdiction over her appeal of the denial of her motion to vacate.  *Waldron*, ¶ 11, 349 P.3d at 977; *Capshaw,* ¶ 11, 190 P.3d at 158.  Ms. Golden's appeal in Case No. S-15-0248 is dismissed.

### B.  Rule 11 Sanctions—Case No. S-15-0249

[¶18]   The district court granted Mr. Guion's request for sanctions under W.R.C.P. 11 after Ms. Golden filed the motions to vacate and for rehearing.  We review the district court's decision on a request for Rule 11 sanctions for an abuse of discretion.  *Lavitt v. Stephens,* 2015 WY 57, ¶ 13, 347 P.3d 514, 518 (Wyo. 2015); *Davis v. Big Horn Basin Newspapers, Inc.,* 884 P.2d 979, 983 (Wyo. 1994).  In determining whether the district court abused its discretion, we consider the reasonableness of its decision.  *Lavitt,* ¶ 13, 347 P.3d at 518; *Dishman v. First Interstate Bank,* 2015 WY 154, ¶ 13, 362 P.3d 360, 365 (Wyo. 2015).

[¶19]   Rule 11 states in pertinent part:

> (b) *Representations to Court*. – By presenting to the court (whether by signing, filing, submitting, or later advocating) a

pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:

(1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.] . . .

(c) *Sanctions*. – If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the . . . parties that have violated subdivision (b) or are responsible for the violation.

[¶20] The district court sanctioned Ms. Golden for repeatedly filing unsubstantiated motions on her claim that Mr. Guion withheld or destroyed the personal property awarded to her in the divorce. The district court noted that she had numerous opportunities to litigate the issue regarding her personal property, suggesting that res judicata barred further consideration of the issue.

A divorce decree is a final judgment and *res judicata* on all issues decided. *Matter of Paternity of JRW,* 814 P.2d at 1265, *citing Warren v. Hart,* 747 P.2d 511, 512 (Wyo.1987); *Mentock v. Mentock,* 638 P.2d 156, 158 (Wyo.1981); *Heyl v. Heyl,* 518 P.2d 28, 30 (Wyo.1974). We apply a four-part test to determine if *res judicata* will bar a subsequent action: First, are the parties identical? Second, is the subject-matter identical? Third, were the issues the same and related to the subject-matter? Fourth, were the capacities of the parties, in reference to both the subject-matter and the issues between them, identical? *Moore v. Moore,* 835 P.2d 1148, 1151 (Wyo.1992).

*Harshfield v. Harshfield,* 842 P.2d 535, 537 (Wyo. 1992) (some citations omitted). In *Mentock,* 638 P.2d at 158, we discussed the rationale behind applying res judicata to all

matters decided in a divorce decree. "This doctrine is mandated by public necessity; there must be an end to litigation at some point, or else the legal system would become so bogged down that nothing would ever remain decided." *Id.,* citing *Rubeling v. Rubeling*, 406 P.2d 283 (Wyo. 1965).

[¶21] Ms. Golden's primary argument on appeal seems to be that the district court has never properly ruled on her personal property claim. By taking that position, she ignores the course of proceedings in this case and her many failures to provide relevant admissible evidence to establish Mr. Guion's contemptuous actions. At the beginning of the divorce trial on June 29, 2012, Ms. Golden, who represented herself, complained about how Mr. Guion had treated the belongings she had stored at the marital home, claiming that he had "destroyed, broken and removed" them. She asserted that he was in contempt of court for violating the November 2010 order which forbade "[d]estroying, removing, encumbering or alienating the property of the parties." The district judge stated: ". . . [W]e're here today to make an equitable and just division of the property between the parties. If there has been waste of some of the property, that may well be relevant . . . as to the decision to be made today."

[¶22] Ms. Golden testified and called Julie Harrison as a witness. Ms. Harrison explained that she and Ms. Golden had packed the personal property and stored it in the garage of the marital home, but when they returned several weeks later, the property had been moved to one side of the garage in a "haphazard" manner. Pictures of some damaged property were admitted into evidence.[3] Mr. Guion acknowledged he had moved her property but stated that he noticed some of it was damaged before he moved it. He also accused her of damaging some of his property.

[¶23] At the conclusion of the trial, the district court awarded the vast majority of the parties' personal property to Ms. Golden. It instructed the parties to use their "best efforts" to locate any missing personal property and ordered Mr. Guion to store Ms. Golden's personal property in a safe manner until October 15, 2012. The district court expressly addressed Ms. Golden's claim that Mr. Guion had damaged her personal property, stating:

> I understand some of them have been damaged and there's probably a lot of finger pointing on who damaged what or what happened. I can't fix something that's broken. **I'm not going to make an adjustment.** You kind of --- both of you brought it on yoursel[ves], I think, in the way this thing has happened for that to have occurred."

---

[3] The district court refused many of Ms. Golden's exhibits because she did not comply with her obligation, under the rules of civil procedure, to produce them to Mr. Guion.

(emphasis added).

[¶24]   Just two weeks after the divorce trial and prior to entry of the divorce decree, Ms. Golden filed a motion for an order to show cause why Mr. Guion should not be held in contempt of court for violating the November 2010 order.  She asserted that "during the period of July 29 through September 1, 2011," Mr. Guion maliciously and willfully vandalized her pre-marital personal belongings "causing an estimated $75,000" in damages.[4]  She requested that the court order all of her property be returned and Mr. Guion be required to pay damages for any property harmed or not returned.

[¶25]   The district court held a hearing on Ms. Golden's contempt motion on August 16, 2012, and stated at the outset:  "I know we had quite a bit of conversation about the personal property at the trial.  This isn't an opportunity to re-try the case."  Despite that admonishment, Ms. Golden (who again represented herself) repeatedly complained about Mr. Guion's damage and destruction of her personal property prior to the divorce.  The district court also heard Mr. Guion's testimony about his handling of Ms. Golden's personal property and testimony from other witnesses that Ms. Golden had, in the past, accused others of stealing or damaging her property.  In the end, the district court denied the contempt motion, finding insufficient evidence to support it.

[¶26]   Later, Ms. Golden attempted to excuse her refusal to sign the quitclaim deed by reiterating that Mr. Guion had damaged and/or misappropriated her personal property.  The district court found her in contempt of court for refusing to sign the deed but told her she could file a motion for order to show cause on the personal property issue.  On February 13, 2014, she filed another contempt motion against Mr. Guion for his actions regarding her personal property.  Her motion alleged that Mr. Guion "did maliciously molest, vandalize, destroy, remove and alienate" her personal property while it was in his possession in 2011.  In her prayer for relief, she sought reconsideration of the district court's  rulings in the divorce decree and at the earlier contempt hearing.

[¶27]   On June 19, 2014, the district court held a hearing on Ms. Golden's motion to show cause and tried to emphasize that it was only going to consider claims that arose after the divorce trial.  Ms. Golden conceded that a number of her claims pertained to events that took place prior to the June 2012 divorce trial but, nevertheless, continued to insist that her complaints be heard.  When asked for legal authority that would allow the court to reconsider those matters, she did not provide any.

[¶28]   The only claims Ms. Golden presented at the June 19, 2014 hearing that pertained to Mr. Guion's actions after the divorce and the August 2012 contempt hearing were that

---

[4] Ms. Golden's claimed damages have greatly increased over time.  In her 2014 motion for order to show cause, she claimed she was entitled to "treble punitive damages" of not less than $500,000 or $800,000. She did not provide supporting evidence for her valuations.

he interfered with her attempts to retrieve some large items from his house in November 2013 and he failed to relinquish a computer awarded to her in the decree. The district court attempted to devise a plan for her to retrieve the large items, but she became frustrated and stated, "Just forget it. He can keep it." With regard to the computer, the district court indicated the requirements of the decree had been fulfilled because she left "town with an Apple computer." Although it was apparent she did not agree with the court's conclusion, she said, "So, it's fine, Your Honor. It's fine." The district court verbally dismissed the order to show cause against Mr. Guion. It solemnized the ruling in its order on the parties' contempt motions on February 11, 2015.

[¶29] Ms. Golden subsequently filed the motion to vacate the district court's order of February 11, 2015, and the motion for rehearing of her 2012 motion for contempt. As we discussed above, she did not provide a rational argument why the orders should be set aside under Rule 60(b) or any other procedural rule. Instead, the primary focus of her argument, yet again, was that the district court had not properly addressed the loss and damage of her personal property.

[¶30] At that point, Mr. Guion filed the Rule 11 motion for sanctions, asserting that Ms. Golden's pending motions were attempts to relitigate the personal property issue, had no legal or factual basis, and were designed to harass him. The district court agreed with Mr. Guion, stating in its August 31, 2015 order that the issues regarding Ms. Golden's pre-marital belongings had been addressed in numerous court proceedings. The court ruled that, through her repetitive motions, Ms. Golden had "engaged in harassing behavior using the Courts as her vehicle to do so. She has attempted to revisit the same argument repeatedly by filing baseless and frivolous motions lacking legal support." It sanctioned Ms. Golden under Rule 11 by requiring her to pay Mr. Guion's attorney fees.

[¶31] The district court's ruling is supported by the record. The underlying basis for Ms. Golden's motions for a rehearing and to vacate the contempt order was the loss and destruction of her personal property. As outlined above, the personal property issue was addressed at the divorce trial when the district court specifically declined to make any adjustments on that basis and in numerous motions, hearings and orders following the divorce decree. Res judicata bars relitigation of issues decided in earlier court proceedings. *Harshfield,* 842 P.2d at 537. Ms. Golden has had her day in court (and more) on the loss and/or destruction of her personal property. We understand that she strongly disagrees with the district court's handling of the personal property issues. However, our law does not allow litigants multiple opportunities to present the same argument and issues to the court hoping for a different resolution. The district court did not abuse its discretion by granting Mr. Guion's request for Rule 11 sanctions.[5]

---

[5] Ms. Golden also claims the district court was required to hold a hearing before it could grant Rule 11 sanctions. She does not, however, direct us to any relevant legal authority that supports that proposition. We do not consider issues not supported by cogent argument or citation to pertinent authority. *See, e.g., Griggs v. State,* 2016 WY 16, ¶ 10, 367 P.3d 1108, 1119 (Wyo. 2016).

9

### *C. W.R.A.P 10.05 Sanctions*

[¶32] On appeal, Mr. Guion requests sanctions against Ms. Golden under W.R.A.P. 10.05. The rule states in relevant part:

> (b) If the court certifies, whether in the opinion or upon motion, there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case.

W.R.A.P. 10.05(b). In addition to sanctioning an appellant when there is no reasonable cause for appeal, we award sanctions when the appellant's brief "lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record." *Carbaugh v. Nichols,* 2014 WY 2, ¶ 23, 315 P.3d 1175, 1180 (Wyo. 2014), quoting *Welch v. Welch,* 2003 WY 168, ¶ 13, 81 P.3d 937, 940 (Wyo. 2003). *See also* W.R.A.P. 1.03 (stating that non-jurisdictional failures to comply with the rules of appellate procedure are grounds for "such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; monetary sanctions; award of attorney fees; dismissal; and affirmance").

[¶33] The record in this case amply demonstrates that Ms. Golden did not have just cause to appeal. She failed to file timely notices of appeal after two of her motions were deemed denied under Rule 6(c)(2), and her appellate argument on the Rule 11 sanctions was, in large part, a simple reiteration of the argument that resulted in the sanction in the first place. In addition, Ms. Golden violated W.R.A.P. 2.07(b) by failing to attach the required appendices to her notice of appeal. Her briefs were also deficient because she failed to include many record cites, cogent argument or the appropriate appendices.[6] WRAP 7.01. Consequently, Mr. Guion is entitled, under W.R.A.P. 10.05, to recover reasonable attorney fees and costs incurred in responding to these appeals. We will determine the proper amount to be awarded after he submits documentation pursuant to W.R.A.P. 10.06.

## CONCLUSION

[¶34] Ms. Golden's appeals of the denials of her motion for rehearing and her motion to vacate the contempt order were not timely because she did not file notices of appeal within thirty days after the motions were deemed denied under Rule 6(c)(2). Consequently, we dismiss Case Nos. S-15-0247 and S-15-0248. We affirm the district

---

[6] Ms. Golden attempted to correct some of the deficiencies by filing erratas with the appealed order attached.

court's ruling in Case No. S-15-0249.  It did not abuse its discretion by sanctioning Ms. Golden under Rule 11 for repeatedly filing motions against Mr. Guion alleging that he damaged or misappropriated her personal property after the district court denied relief on that basis.  Finally, Mr. Guion is entitled to attorney fees and costs under Rule 10.05.